Rockingham
No. 6088

STATE OF NEW HAMPSHIRE V. MICHELLE FERNANDEZ

January 31, 1973

6

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general (*Mr. Hess* orally), for the State of New Hampshire.

*Taylor and Gray* (*Mr. Douglas R. Gray* orally) for the defendant.

GRIMES, J.  The issue in this case is the validity of a search warrant based on information obtained while she and her codefendant were at the Salem Police Station. Evidence consisting of heroin and paraphernalia associated with the use of heroin seized in a search of a motel room pursuant to the warrant was introduced at trial against defendant. She was found guilty by a jury of possession of a narcotic drug and her exceptions were transferred by *Grant,* J.

Acting on information from Lawrence, Massachusetts police, Sergeant Ganley of the Salem, New Hampshire Police Department for purposes of investigation went to the Fireside Motel in Salem where the Lawrence police had said Clapp was staying with the defendant in room No. 22. He saw two people come out of room No. 22 and followed them to a restaurant. Ganley testified that he and one Lawrence officer entered and approached Clapp who was seated at a table. About this time, defendant came from the ladies' room. According to Ganley, he informed Clapp that the Lawrence police wanted to discuss a hotel bill and both Clapp and defendant said "fine". They then went to the foyer of the restaurant and a discussion took place, following which they all went to the police station in an unmarked police car. The officer claims that while at the police station he observed needle marks on Clapp who admitted to using five bags of heroin a day. This statement and the observation of needle marks on Clapp was included in the affidavit for a warrant to search motel room No. 22.

Defendant claims that she and Clapp were in custody at the station without probable cause and that therefore the

evidence obtained at that time could not lawfully be used to support the issuance of the warrant. *See Davis v. Mississippi,* 394 U.S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394 (1969); *Morales v. New York,* 396 U.S. 102, 24 L. Ed. 2d 299, 90 S. Ct. 291 (1969).

There was conflicting evidence as to whether defendant and Clapp went voluntarily with the officers or whether they were under restraint. As we view the case, however, the status of the defendant at the station is irrelevant. No evidence obtained from her was included in the affidavit used to procure the warrant but only evidence obtained from Clapp. She cannot be heard to complain about the use of that evidence because it was not obtained from her or in violation of her rights and she cannot rely upon any possible or alleged violation of Clapp's rights. *Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *Alderman v. United States,* 394 U.S. 165, 22 L. Ed. 2d 176, 89 S. Ct. 961 (1969); *see State v. Desilets,* 96 N.H. 245, 73 A.2d 800 (1950); *State v. Geddes,* 101 N.H. 164, 136 A.2d 818 (1957).

*Exceptions overruled; remanded.*

All concurred.