STATE of Iowa, Appellee,

v.

Keith Wayne BRUNS, Appellant.

No. 64028.

Supreme Court of Iowa.

April 15, 1981.

W. H. Gilliam of Rapp & Gilliam, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and Jay Nardini, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant Keith Wayne Bruns appeals from his convictions for first-degree kidnapping, sections 710.1, .2, The Code 1979, and third-degree sexual abuse, section 709.4, The Code 1979. He claims that the admission of testimony about the pretrial identification of his car by the victim denied him due process. We affirm the convictions but vacate the sexual abuse sentence and remand for resentencing on that conviction.

In January 1979 the thirteen-year-old victim was walking to a friend's home in Cedar Falls when she noticed Bruns' car stuck in the snow. She stopped and Bruns told her to get into the car or else he would shoot her. The victim complied. Defendant transported her into the country and sexually abused her.

The jury found Bruns guilty of first-degree kidnapping and third-degree sexual abuse. The court sentenced him to life in prison on the kidnapping charge, sections 710.2, 902.1, and to a concurrent indeterminate ten-year term on the sexual abuse charge. §§ 709.4, 902.3, .9(3). The court also found that a firearm was involved and sentenced Bruns to serve a minimum of five years of the sexual abuse sentence. § 902.7.

I. *Pretrial identification of defendant's car.* In April 1979 Bruns was arrested on an unrelated charge and his car was impounded. Police recognized that the car matched the description of the car in which the victim was sexually abused. The victim was taken to the place where the car was stored. She identified it as the one in which the offenses occurred.

Before trial defendant filed a motion to suppress all evidence of the victim's pretrial identification of the car. He claimed that admission of this evidence would deny him due process of law guaranteed by the fourteenth amendment to the United States Constitution.

The trial court overruled the motion to suppress. The victim and a police officer testified at trial about the pretrial identification of the car.

The adverse ruling on defendant's motion to suppress is sufficient to preserve the alleged error for our review. *State v. Hilpipre,* 242 N.W.2d 306, 309 (Iowa 1976).

Bruns contends that the procedure of taking the victim to the impounded car and asking her to identify it was suggestive, unnecessary and unreliable. Therefore, he says the court should have excluded evi-

dence of the identification because use of the evidence would deny him due process. He analogizes to cases recognizing a due process right to exclude a suggestive, unnecessary and unreliable pretrial identification of an accused. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. Holderness,* 301 N.W.2d 733, 738 (Iowa 1981); *State v. Mark,* 286 N.W.2d 396, 403–07 (Iowa 1979).

■ An accused's sixth amendment right to counsel and fourteenth amendment right to due process protect him from the hazards of misidentification of his person by a victim or witness at a lineup or showup. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Stovall,* 388 U.S. at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206. The due process clause of the fourteenth amendment prevents the trier of fact from hearing evidence of an unreliable eyewitness identification. *Manson,* 432 U.S. at 112, 97 S.Ct. at 2252, 53 L.Ed.2d at 152. Evidence of an eyewitness pretrial identification of an accused is excluded not when it is merely untrustworthy, but when it is so inherently unreliable that to even allow a jury to consider it is a denial of due process. *Id.* at 113, 97 S.Ct. at 2252, 53 L.Ed.2d at 153.

■ We decline to extend cases protecting the accused's right to a fair pretrial identification of his person to the pretrial identification of items of physical evidence. The pretrial identification by a victim of a car in which the crime occurred does not implicate the due process rights of a defendant. *Klase v. State,* 346 A.2d 160, 162 (Del.1975) (" 'lineup' identification procedure for inanimate objects is unnecessary"); *Commonwealth v. Carter,* 414 Pa.Super. 508, 516, 414 A.2d 369, 373 (1979); *Inge v. Commonwealth,* 217 Va. 360, 365, 228 S.E.2d 563, 567 (1976). While the procedure used here, identification of an impounded car by a young victim at the request of police, may make the evidence of the identification suspect, it does not give rise to a claim of

denial of due process that will result in suppression of the evidence. If the identification of the car was suspect, the credibility of the identification witnesses could properly be placed before the trier of fact by cross-examination and final argument. The weight of the identification evidence is for the trier of fact. *Buchanan v. State,* 561 P.2d 1197, 1202 (Alaska 1977); *People v. Coston,* 40 Colo.App. 205, 208, 576 P.2d 182, 185 (1977); *Carter,* 271 Pa.Super. at 515, 414 A.2d at 373; *Brady v. State,* 584 S.W.2d 245, 251 (Tenn.Cr.App.1979).

The trial court properly overruled the motion to suppress.

·II. *Mandatory minimum sentence.* The victim testified that although she never saw a gun, Bruns forced her to enter the car and sexually abused her after threatening her with a gun and holding it against her head. However, neither the instructions nor an interrogatory required that the jury make a finding whether a firearm was involved. We note that our rules now cover the proper method for alleging and finding that a firearm was used. Iowa R.Crim.P. 6(6), 21(2). The court stated at sentencing that a five-year minimum sentence was imposed because a firearm was used. § 902.7.

■ On appeal Bruns contends, and the State agrees, that section 902.7 was inapplicable because the trier of fact, the jury, did not find that Bruns was armed. *State v. Matlock,* 289 N.W.2d 625, 629 (Iowa 1980). We therefore vacate the sentence on the sexual abuse conviction and remand for re-sentencing without consideration of section 902.7. The conviction and sentence on the kidnapping charge and the conviction for sexual abuse are affirmed.

The cost of printing defendant's brief, which was filed December 1, 1980, exceeds the $3.00 per page allowed by our rules. *Lucas v. Pioneer, Inc.,* 256 N.W.2d 167, 180 (Iowa 1977); Iowa R.App.P. 16(c). We note that rule 16(c) has been amended to allow reasonable printing costs, not to exceed $4.00 per page, to be taxed as costs for briefs filed after January 1, 1981. Costs are taxed to defendant.

AFFIRMED IN · PART; SEXUAL ABUSE SENTENCE VACATED AND RE-MANDED FOR RESENTENCING.