Rockingham
No. 81-036

THE STATE OF NEW HAMPSHIRE

v.

WESLEY MARTIN

November 20, 1981

*Gregory H. Smith*, attorney general (*Paul J. Barbadoro*, attorney, on the brief), by brief for the State.

*James E. Duggan*, of Concord, by brief for the defendant.

PER CURIAM. On January 9, 1981, the defendant was convicted of burglary after a jury trial before *Mullavey*, J., who denied his motion to set aside the verdict for insufficient evidence and for alleged prejudicial statements of the prosecutor.

The evidence supports a finding that on June 15, 1978, Joan Edwards returned home from school with a friend, Linda, and found the defendant and his younger sister inside the Edwards' home. The sister was coming downstairs from Joan's bedroom, and the defendant was coming out of Joan's parents' bedroom on the first floor. The defendant left soon after Joan arrived, and his sister also left within five minutes thereafter. After they left, Joan went to her parents' bedroom and found her mother's bank open, on the floor near the doorway. She put the bank back in its place. When told of the occurrence, the mother checked the bank and another bank in the bedroom on the next day, and found that money was missing from both.

The defendant's sister, who was thirteen years old in 1978, testified that she took the money two days prior to the date in question, and that she was alone at the time. She stated that she and the defendant entered the home on June 15 to wait for Joan and Linda because the defendant wanted to meet Linda.

The defendant argues that although circumstantial evidence may be sufficient to support a conviction, *State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978), it must exclude "any other rational conclusion" to be sufficient. *See State v. O'Malley*, 120 N.H. 507, 509, 416 A.2d 1387, 1388 (1980); *State v. Costello*, 110 N.H. 182, 183, 263 A.2d 671, 672 (1970). He claims that his sister's admission furnishes another rational conclusion which is not excluded by the circumstantial evidence in this case; specifically, that she stole the money.

■■ In determining the sufficiency of the evidence, we follow the test set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), that

the evidence is insufficient if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324; *see State v. Gilbert,* 121 N.H. 305, 313, 429 A.2d 323, 329 (1981). Considering all the evidence in the light most favorable to the prosecution, we cannot say that no rational trier of fact could have found beyond a reasonable doubt that the defendant stole the money from the bank. We hold that any rational finder of fact could have found that the evidence excluded all rational explanations other than that the defendant committed the burglary.

The defendant admits that he made an unauthorized entry and that the evidence supports an inference that he took the money, but he argues it is equally rational to conclude that his sister stole it on June 13.

In addition to the sister's motive to protect her brother, several facts support a finding beyond a reasonable doubt that it was the defendant who took the money on June 15, and that he entered the home with the intent to steal. The sister testified that she entered the Edwards' house on June 13 by using a key left on the porch, but Mrs. Edwards testified that no spare key had been left on the porch or anywhere else. The evidence also indicated that the bank in question was in its proper place on June 14 and on the morning of June 15, while Joan testified that when she entered the bedroom after the defendant's visit, the bank was open on the floor near the doorway rather than in its proper place.

Furthermore, the defendant's "surprise" on being discovered, and his sudden departure thereafter, were not consistent with the stated purpose of his visit—meeting Linda. There was evidence that he had been told a few days before to keep off the premises. If the purpose of his visit was to meet Linda, there was no reason for him to go into the mother's bedroom, not even to find out if anyone was in the home. A loud inquiry would have been all that was necessary or reasonable. All in all, the evidence was more than sufficient to support a finding of guilt beyond a reasonable doubt. *See State v. Reardon,* 121 N.H. 604, 606, 431 A.2d 796, 798 (1981).

The defendant further complains that his trial was rendered unfair because of improper comments by the prosecutor. During his opening argument, defense counsel argued that the State knew the sister had confessed, but that it elected to pursue the case against the defendant and not reveal the sister's confession.

■■ In his argument, the prosecutor on several occasions indicated that the "State believe[d]" it had sufficient evidence to convict the defendant. He also stated that although the sister's actions provided sufficient evidence to prosecute her, it was not worth-

while for the State to prosecute one who was only thirteen years old at the time of the alleged crime. An objection was sustained and the jury was told to disregard this argument. No claim was made that the instruction was not a sufficient cure.

The prosecutor also stated in argument that the defendant's sister had asked the police: "What do I have to do to protect my brother?" Although this statement had apparently been excluded, other testimony which was admitted indicated a decision on the part of the defendant's sister to protect him and to prevent him from "getting into trouble." It does not appear that there was any question raised regarding this argument until after verdict. *See State v. Cass*, 121 N.H. 81, 82–83, 427 A.2d 1, 2–3 (1981). The court, however, on its own, instructed the jury that the evidence on this point had been excluded, although the record is not clear whether it had been, or whether the statement was based on evidence previously admitted.

In any event, the trial court's denial of the defendant's motion to set aside the verdict on these grounds constitutes a finding that the defendant received a fair trial and that the curative instructions removed any improper prejudice. We cannot say that such a finding was not warranted.

We dispose of the defendant's final issue regarding the composition of the jury venire by saying simply that we are satisfied that *State v. Elbert*, 121 N.H. 43, 424 A.2d 1147 (1981) was properly decided, and we decline to reexamine it.

*Exception overruled; affirmed.*

BATCHELDER, J., did not participate.