Sullivan
No. 81-083

## THE STATE OF NEW HAMPSHIRE

v.

## VIRGINIA RENFREW

April 2, 1982

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, attorney, on the brief and *Brian T. Tucker*, assistant attorney general, orally), for the State.

*Elliott, Jasper & Bennett*, of Newport (*Louie C. Elliott* on the brief and orally), for the defendant.

BROCK, J.  The defendant, Virginia Renfrew, after a trial before the Superior Court (*DiClerico*, J.), was found guilty on seven indictments, each of which charged her with possession of controlled drugs with intent to sell, in violation of RSA 318-B:26 I(a) (Supp. 1981).

On appeal, the defendant raises three issues: (1) that the trial court erred when it denied her motions to suppress and admitted into evidence numerous items seized pursuant to two search warrants; (2) that the evidence was insufficient to support her conviction; and (3) that the trial court improperly denied her request to enter her unsworn statement into evidence. We find no error and affirm.

On May 10, 1980, two New Hampshire State Police officers responded to a report of a shooting at the Michael Connarn residence in Grantham, New Hampshire. Upon arriving at the scene, they observed emergency medical personnel administering first aid to a woman lying on the floor. While securing the scene of the shooting, the police officers observed drugs and drug paraphernalia in plain view in the dining area and in one of the bedrooms.

Based upon these observations, the officers decided to seek a search warrant. While one of the officers left to obtain the warrant, one remained behind. During this period, the defendant arrived at the residence in a pick-up truck, alighted, and brought some groceries into the house. She told the police that she resided in the apartment with the attempted suicide victim and the latter's husband and small child. The police placed the defendant under arrest for possession of controlled drugs. A search warrant issued, and a search of the home was conducted that same evening. Quantities of controlled drugs, drug paraphernalia and certain sheets of paper, which appeared to relate to drug transactions and other drug involvement, were found and seized. After the search of the house, one of the police officers went out to the pick-up truck that the defendant had parked in the yard, shined his flashlight through the window and observed a brown suitcase behind the seat. Before leaving the residence that night with the police, the defendant requested that she be allowed to lock her truck. She was permitted to do this and, in the process, left the purse which she had with her, inside the truck.

The next day, May 11 1980, the police, after reviewing the "paper work" seized from the house, became suspicious that there might be more drugs involved in this matter than they had found the night before. Accordingly, they applied for and obtained a new warrant to search the truck. They discovered that the suitcase contained large quantities of various controlled drugs, drug paraphernalia, and $4,473 in cash. In addition, a tinfoil packet containing four "hits" of LSD and other drug-related items were discovered in the defendant's pocketbook.

We first consider the defendant's argument that the drugs and drug-related items were improperly admitted into evidence at trial because they were seized pursuant to two invalid search warrants.

The defendant alleges that the affidavit furnished in support of the application for the first warrant, for the search of the *residence*, contained misrepresentations of fact by the affiant and that probable cause for issuance of the warrant did not exist. The defendant argues that, notwithstanding representations in the affidavit to the contrary, the affiant did not have first-hand knowledge concerning the presence of drugs in one of the bedrooms. Rather, the defendant contends that the affiant received that information from another officer, who allegedly had improperly entered the bedroom after the investigation of the attempted suicide was completed.

The trial court reviewed the validity of the search warrant incident to its denial of the defendant's motion to suppress. Utilizing the analysis suggested in *State v. Spero*, 117 N.H. 199, 205, 371 A.2d 1155, 1158 (1977), it concluded that "the alleged misrepresentations were not intentional or reckless, and [the affiant] had reasonable grounds to believe the facts in question which he referred to were true. Furthermore, the misrepresentations did not involve matters that [could] be viewed as material to the issuance of the warrant."

■ Having reviewed the transcript of proceedings below, we conclude that the trial court had sufficient evidence before it on which to base its determination that the misrepresentations in the affidavit were not intentional or reckless. Accordingly, the search warrant may be held valid if, after excision of the facts misstated, enough information remains to constitute probable cause for the issuance of the warrant. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *see generally* Comment, 14 SUFFOLK L. REV. 428, 437 n.53 (1980).

■■ We have stated in the past that "[w]hen evaluating the constitutionality of a warrant 'the informed and deliberate deter-

minations of magistrates . . . are to be preferred over the hurried actions of officers acting without warrants.' . . . A search based on a magistrate's determination of probable cause does not require the same standard of reliability as does a warrantless search." *State v. Beaulieu*, 119 N.H. 400, 402–03, 402 A.2d 178, 180 (1979) (citations omitted).

■ We conclude, on the basis of the record before us, that the information acquired by the police officers, while they were lawfully on the premises and observed certain items of contraband in plain view, constituted sufficient probable cause to support the issuance of a search warrant for the residence.

■■ The defendant next argues that the warrant for the search of the *truck* was illegal because its issuance was grounded on facts obtained during the illegal search of the residence, *Wong Sun v. United States*, 371 U.S. 471 (1963), or, in the alternative, was grounded upon facts unlawfully obtained by shining a flashlight into the truck. The defendant's first argument is disposed of by our conclusion above that the search warrant issued for the defendant's residence was valid. As to her second contention, it has generally been held that the use of· a flashlight to aid a police officer's vision into an area which would have been plainly visible during daylight hours does not constitute an unreasonable intrusion. *United States v. Wright*, 449 F.2d 1355, 1357 (D.C. Cir. 1971), *cert. denied*, 405 U.S. 947 (1972). We hold that no rights of the defendant protected by the fourth amendment were violated by the police officer's looking through the window of the truck with the aid of a flashlight. The information in the officer's affidavit was therefore lawfully obtained and sufficient to support the issuance of a warrant for the search of the truck.

■ The defendant further argues that there was insufficient evidence to support her convictions for possession of controlled substances with intent to sell, pursuant to RSA 318-B:26 I(a) (Supp. 1981). In deciding the issue of sufficiency of the evidence, we must consider all of the evidence and all reasonable inferences therefrom in the light most favorable to the State, *State v. Reardon*, 121 N.H. 604, 605, 431 A.2d 796, 797 (1981), and determine whether any rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt. *Id.*, 431 A.2d at 797.

■ In order to sustain a conviction under RSA 318-B:26 I(a) (Supp. 1981), the State must prove beyond a reasonable doubt (1) that the defendant knew the nature of the drug, (2) that she knew

the drug was in her vicinity, and (3) that she possessed the drugs with intent to sell or give them to another person. *See State v. Fossett*, 119 N.H. 155, 156, 399 A.2d 966, 967 (1979).

Evidence introduced at trial by the State established that the defendant lived in the apartment where the drugs were found; that drugs and drug paraphernalia were found in virtually every room of the apartment, some in plain view and some concealed; that some papers relating to drug transactions were seized which mentioned, among other things, the defendant's name and referred to a "pot suitcase" which subsequently was found in the truck which the defendant had identified as hers.

■ In addition, the trier of fact had before him the large quantities of contraband drugs, the drug paraphernalia and the more than four thousand dollars in cash found in the defendant's residence and truck. We conclude that on all the evidence and with the rational inferences that could be drawn therefrom, the trial judge could reasonably conclude that the State had met its burden of proof with respect to the offenses charged and find beyond a reasonable doubt that the defendant possessed the drugs in question with an intent to sell them. *See State v. Greely,* 115 N.H. 461, 468, 344 A.2d 12, 17 (1975).

■ Finally, without citing supporting authority for the proposition, the defendant contends that the trial court's refusal to admit into evidence her unsworn statement was error. While such statements may, in the discretion of the trial judge, be accepted and considered in connection with the sentencing of a defendant after a determination of guilt, we hold that they are not, in this State, admissible as evidence during trial.

*Exceptions overruled; affirmed.*

All concurred.