Grafton
No. 81-187

## THE STATE OF NEW HAMPSHIRE

v.

## ALLAN P. DANSKIN

September 10, 1982

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief and orally), for the State.

*Donald C. Koury,* of Lebanon, by brief and orally, for the defendant.

BATCHELDER, J.   After a trial by jury resulting in a verdict of guilty of arson against the defendant, Allan P. Danskin, in connection with a fire at the Canaan, New Hampshire Elementary School, this appeal was taken from rulings by *Johnson,* J., and is limited to the following two questions: (1) was the evidence sufficient to support the defendant's conviction, and (2) did the trial court err in

refusing to voir dire the jury concerning possible prejudice resulting from possible exposure to a newspaper account of the trial? We affirm.

■■ As this court has stated in *State v. Martin*, 121 N.H. 1032, 1033–34, 437 A.2d 308, 309 (1981), "[i]n determining the sufficiency of the evidence, we follow the test set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), that the evidence is insufficient if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' " (Citations omitted.) *See State v. Glidden*, 122 N.H. 41, 49, 441 A.2d 728, 733 (1982). Circumstantial evidence may support a conviction if it excludes all other rational conclusions. *State v. Bird*, 122 N.H. 10, 17, 440 A.2d 441, 444–45 (1982). Against these rules, we must closely analyze the facts before the trial court giving rise to this appeal.

On the evening of January 15, 1980, the Canaan Elementary School building was destroyed by fire. The evidence presented to the court during the State's case in chief demonstrated that the fire originated in the older, wood-framed section of the building. A condition of exfoliation of the underlying concrete sub-floor was attributed by the experts to the presence of a volatile accellerant, causing intense heat. This condition, known as spalling, was primarily located in a corridor or hallway which joined the older, wood-framed section with a more recent addition to the building. The possibility of electrical malfunction was disproved by the experts as a result of an examination of the fuse panel and related wiring. In an out-of-court statement introduced by the prosecution, the defendant claimed to have first become aware of the fire when he observed smoke entering the gymnasium where he was working. This statement is significant in that it tends to undercut any inference that the fire may have been started by the defendant accidentally or merely carelessly.

There was evidence that the defendant was the only person present in the building at the time the fire started. The prosecution introduced testimony that no one else was in the building at that time and that the building was secure from unauthorized entry. The defendant himself admitted that no one else was present.

Furthermore, the defendant's credibility was called into question before the jury. His out-of-court explanation of a call he allegedly made from the school kitchen to a telephone operator to report the fire was contradicted by an expert's opinion that, at the time he claimed to have used the phone, a call could not have been placed from that particular location because of the intensity of smoke permeating that area.

Having reviewed the record, we cannot say that the trial court erred in permitting the case to go to the jury or that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *State v. Martin*, 121 N.H. at 1033–34, 437 A.2d at 309; *Jackson v. Virginia*, 443 U.S. at 307.

The second issue raised by the defendant is whether the trial court erred in refusing to poll certain jurors during trial relative to possible prejudice due to possible exposure to newspaper accounts of the trial published in the local *Valley News*. The defendant argues that without voir dire to determine if a juror has read the article, it is impossible to determine whether it has in some way prejudiced *that* juror. We see no reason to disturb our holdings that the decision to poll or not to poll a jury is a matter within the sound discretion of the trial court. *See State v. Donovan*, 120 N.H. 603, 606–07, 419 A.2d 1102, 1104 (1980); *see also State v. Thresher*, 122 N.H. 63, 74, 442 A.2d 578, 583–84 (1982). Here, we find no abuse of discretion by the trial judge.

*Affirmed.*

All concurred.