Belknap
No. 81-409

### THE STATE OF NEW HAMPSHIRE

v.

### GARY GOUPIL

October 12, 1982

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The issue in this felonious sexual assault case, RSA 632-A:3 (Supp. 1979), is whether the evidence was sufficient to support the guilty verdict rendered by the jury. We affirm.

The defendant was convicted by a jury in Superior Court (*Batchelder*, J.) of the felonious sexual assault of Susan, a thirteen-year-old girl. The prosecutrix testified that on June 27, 1980, she went to Lake Opechee Park, near Laconia, with two girlfriends. She was introduced to the defendant, who was with some friends. She joined the party and began drinking with the group of young men. One of her friends testified that at one point Susan was kissing the defendant and had her hand in his pants. Susan became intoxicated, vomited, and fell asleep. There was testimony that she was carried to the lake and washed off and that thereafter she walked to the snack bar with the defendant and went to the bathroom. According to the statement given by the defendant to the police, he then left with one of his friends and remembered little thereafter until he woke up on a couch in the home of another friend.

Susan could not remember going to the bathroom and could only remember being by a tower and that the defendant was on top of her "making love." She remembers leaving thereafter and meeting two friends on the street to whom she reported that she thought the defendant had "raped" her.

The defendant's appeal is confined to the sufficiency of the evidence that it was he who committed the sexual assault. He bases his defense on several factors: Susan's intoxicated condition; her bad eyesight; her admission that the person on top of her was "fuzzy"; her lack of memory of most events of the afternoon; and the statement in her deposition that she remembered nothing at all until after the rape when she met her friends on the street. The defendant argues that all these factors, combined with his alibi, make her identification of him as the perpetrator so unreliable as to furnish insufficient support for the guilty verdict.

It cannot be disputed that there were inconsistencies in her testimony and that her identification of the defendant was subject to question. Nevertheless, she gave a positive identification of the defendant in the courtroom. At trial, she gave an explanation for the inconsistent statements in her deposition by saying that she had thought about it since then and had reviewed the statement prepared by the police on the day of the incident, which she had signed, and that her memory had been refreshed.

The dangers of an eyewitness identification are well known and documented. It is for the jury, however, to weigh the admissible evidence, and unless no rational person could reach the same conclusion, the findings of the jury must be upheld on appeal. *State v. Glidden*, 122 N.H. 41, 50, 441 A.2d 728, 733 (1982); *State v. Martin*, 121 N.H. 1032, 1033–34, 437 A.2d 308, 309 (1981); *State v. Gilbert*, 121 N.H. 305, 313, 429 A.2d 323, 329 (1981).

Although Susan's eyesight was poor, she claimed to be able to recognize people. She named the defendant as the perpetrator immediately after the event. She had been kissing the defendant and was seen putting her hands into his pants. By his own admission, the defendant, shortly before the event, walked with Susan to the lunch stand and bathroom and therefore could be found to have had the opportunity to sexually assault her. Despite his statement to the police and the testimony of a friend that he left Susan when she went to the bathroom, the jury was entitled to disbelieve this evidence. *State v. Ahern*, 122 N.H. 744, 746, 449 A.2d 1224, 1226 (1982); *State v. Buckingham*, 121 N.H. 339, 342, 430 A.2d 135, 137 (1981).

Considering all the evidence in the light most favorable to the prosecution, *State v. Renfrew*, 122 N.H. 308, 312, 444 A.2d 527, 529 (1982); *State v. Arillo*, 122 N.H. 107, 109, 441 A.2d 1163, 1164 (1982), we cannot say that no reasonable person could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Danskin*, 122 N.H. 817, 818, 451 A.2d 396, 397 (1982); *State v. Arillo*, 122 N.H. at 109, 441 A.2d at 1164.

*Affirmed.*

BATCHELDER, J., did not participate.