Hillsborough
No. 81-302

THE STATE OF NEW HAMPSHIRE

v.

RICHARD CYR

December 30, 1982

*Gregory H. Smith,* attorney general (*Paul Barbadoro,* assistant attorney general, on the brief, and *Richard C. Nelson,* assistant attorney general, orally), for the State.

*Law Offices of Jean-Claude Sakellarios,* of Manchester (*Mr. Sakellarios* on the brief and orally), for the defendant.

BOIS, J.   The defendant appeals from a jury verdict in Superior Court (*Goode,* J.) finding him guilty of burglary, RSA 635:1, and theft by unauthorized taking or transfer, RSA 637:3. We affirm.

The case stems from a burglary committed on Tuesday, January 8, 1980, at the Fletcher residence in Bedford, New Hampshire. On the day of the incident, Mr. Fletcher departed for work at approximately 7:30 a.m., and returned home between 12:30 and 2:00 p.m. His house was unoccupied during this period. Upon his return, Mr. Fletcher discovered that someone had forcibly entered the house through the inner garage door, and that two firearms and a box of shells were missing. He quickly notified the local police who commenced an investigation shortly thereafter.

In April 1980, a grand jury returned two indictments against the defendant, charging him with burglary and theft of firearms in connection with the above-mentioned incident. Prior to the start of the trial, the court denied a motion filed by the defendant's counsel to suppress certain out-of-court identifications of the defendant and of his car.

At trial, the State relied on circumstantial evidence. The evidence revealed that the Fletchers lived on a quiet residential street, which contained approximately eight houses and had very little traffic. A neighbor testified that, at approximately 8:30 a.m. on the day in question, she heard a car backing out of the Fletchers' driveway and subsequently observed the car near the driveway. The witness indicated that the car was leaving the Fletchers' house and that it was "coasting" along at approximately five to ten miles per hour. She further testified that she had identified the defendant's car as the vehicle and that, after viewing photographs of various individuals, she had identified the defendant as the driver.

The testimony showed that the defendant had been in the victims' house on several occasions during the thirty days prior to the incident in order to repair the oil burner. As part of his company's contract with the Fletchers, the defendant had received a key to the inner garage door and had customarily used this door for access to the house. Mr. Fletcher indicated that, on at least one occasion prior to the burglary, the defendant had performed work at the house during a weekday morning when nobody was at home. Mr. Fletcher further testified that he had twice told the defendant that he worked only half a day and that he was not usually home in the morning. According to the testimony, the stolen guns had been openly displayed on a gun rack in the basement.

The evidence also revealed that, during an interview with the police two-and-a-half weeks after the burglary, the defendant gave false information as to his whereabouts on the day in question. Initially, he told police that he was at work on January 8, 1980, but when confronted with the fact that he had called in sick that day, he later stated that he was at home and that a friend was probably using his car to look for mountain laurel in Bedford.

At the close of the State's case, the defendant filed a motion for a directed verdict. The trial judge denied the motion, and the jury returned guilty verdicts on both charges. The defendant then appealed to this court.

█ The defendant first argues that the out-of-court identification of him by the Fletchers' neighbor was impermissibly suggestive and that the trial court therefore erred in failing to grant his motion to suppress. A determination as to the admissibility of an out-of-court identification involves a two-step process. First, we must inquire whether the identification procedure was unnecessarily suggestive. *See State v. Gonzales*, 120 N.H. 805, 807–08, 423 A.2d 608, 609–10 (1980); *State v. Heald*, 120 N.H. 319, 322, 414 A.2d 1288, 1290 (1980); *see also Manson v. Brathwaite*, 432 U.S. 98, 107 (1977). Second, if the initial inquiry is answered in the affirmative, we must then consider the factors enumerated in *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972), and reiterated in *Manson*, to determine whether the identification procedure was so suggestive as to render the identification unreliable and inadmissible. *State v. Perron*, 122 N.H. 941, 947, 454 A.2d 422, 425 (1982); *State v. Leclair*, 118 N.H. 214, 219, 385 A.2d 831, 834 (1978).

The record in this case reveals that, after the witness had provided an initial description of the driver, she was shown ten photographs of suspects, and she picked out the defendant's picture. She stated that she thought the defendant was the driver but was

not entirely certain because the driver had been wearing a sailor's cap and the individual in the photograph had no cap. When the police brought in a picture of the defendant wearing a cap similar to that described, the witness stated, "That's him."

■ We do not find these identification procedures unnecessarily suggestive. *But cf. State v. Leclair,* 118 N.H. at 218, 385 A.2d at 833; *Stovall v. Denno,* 388 U.S. 293, 302 (1967). The record reveals that the photographs of the ten suspects were randomly ordered and that the police never directed the witness' attention to the defendant's photograph. The witness selected the photograph of the defendant on her own, and the subsequent showing of the photograph of the defendant wearing a cap was merely an attempt to confirm *the witness'* prior identification of the defendant. Because we find no evidence of suggestiveness in the identification procedures employed by the police, we need not reach the second step of the analysis discussed above.

■ The defendant also argues that the trial court should have suppressed the out-of-court identification of his motor vehicle. We disagree. Following the burglary, the witness was shown a photograph of the defendant's car. Although she thought the car in the photograph was very similar to the car she had seen coasting by her house, she could not be definite because of the poor quality of the photograph. As a result, the police took her to view the car in person, and she subsequently made a positive identification of the vehicle. The record shows that the police never tried to influence the witness' identification of the defendant's car. While it is true that they showed her only one car, no court to our knowledge has held that due process requires a "lineup" when the identification of an inanimate evidentiary object is at issue. *See State v. Bruns,* 304 N.W.2d 217, 219 (Iowa 1981); *Com. v. Simmons,* 417 N.E.2d 1193, 1195–97 (Mass. 1981); *Inge v. Commonwealth,* 217 Va. 360, 365, 228 S.E.2d 563, 567 (1976). We conclude that the trial court correctly denied the defendant's motion to suppress the challenged identifications.

■■ The defendant next argues that the trial court should have granted the directed verdict because the evidence was insufficient to support a guilty verdict. In evaluating the sufficiency of evidence, we will view the evidence in the light most favorable to the prosecution. *State v. Goupil,* 122 N.H. 857, 859, 451 A.2d 1284, 1286 (1982); *State v. Renfrew,* 122 N.H. 308, 312, 444 A.2d 527, 529 (1982). The evidence will be deemed insufficient only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

*State v. Danskin*, 122 N.H. 817, 818, 451 A.2d 396, 397 (1982) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)); *see State v. Goupil*, 122 N.H. 859, 451 A.2d at 1286. Circumstantial evidence, moreover, may support a conviction if it excludes all other rational conclusions. *State v. Danskin*, 122 N.H. at 818, 451 A.2d at 397.

In this case, the evidence showed that the Fletchers lived in a somewhat isolated area and that the defendant was at the Fletcher residence under suspicious circumstances during the period in which the burglary occurred. The evidence revealed that the defendant had been in the Fletchers' house several times during the thirty days prior to the burglary and that he had usually entered through the same inner garage door that the burglar used. The evidence further revealed that the defendant knew the house was vacant during the weekday mornings, which would have normally been an unusual time for a burglary, and that he was likely to have known about the location of the openly-displayed guns.

■ Lastly and most significantly, the evidence showed that the defendant was not at work on the day in question and that he had misrepresented to the police his whereabouts on that day, which was only two-and-one-half weeks earlier. Viewing all this evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We therefore hold that the evidence was sufficient to support the guilty verdicts.

■ The defendant finally argues that the trial court erred in imposing a sentence for "theft of firearms," *see* RSA 637:11, I(b), because the State failed to prove that the stolen weapons were "firearms." We dispose of this argument simply by noting that the evidence revealed that the missing weapons consisted of a derringer and a rifle-shotgun, both of which fall within the definition of "firearm."

*Affirmed.*

KING, C.J., and BATCHELDER, J., dissented; the others concurred.

KING, C.J., and BATCHELDER, J. dissenting: In evaluating the sufficiency of evidence, we will view the evidence in the light most favorable to the prosecution. *State v. Goupil*, 122 N.H. 857, 859, 451 A.2d 1284, 1286 (1982); *State v. Renfrew*, 122 N.H. 308, 312, 444 A.2d 527, 529 (1982). The evidence nevertheless will be deemed insufficient if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Danskin*, 122 N.H. 817, 818, 451 A.2d 396, 397 (1982) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)); *see State v. Goupil*, 122 N.H. at 859, 451 A.2d at

1286. Circumstantial evidence, moreover, will support a conviction only if it excludes all other rational conclusions. *State v. Danskin,* 122 N.H. at 818, 451 A.2d at 397.

After reviewing the evidence in this case, we conclude that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.