Strafford
No. 83-123

THE STATE OF NEW HAMPSHIRE

v.

ROBERT OUELLETTE

October 26, 1984

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* attorney, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant in this case asks us to overturn Superior Court (*Temple,* J.) jury verdicts that the defendant was guilty of burglary and the taking of a car without the owner's consent. The defendant claims that these verdicts were not supported by sufficient evidence. We disagree and, therefore, affirm.

■■   The defendant was convicted entirely on the basis of circumstantial evidence. In reviewing this evidence, we must uphold

the verdicts unless "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Danskin*, 122 N.H. 817, 818, 451 A.2d 396, 397 (1982) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In determining whether this standard has been met, we are guided by the principle that circumstantial evidence is sufficient if it precludes all other rational conclusions. *State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983).

At approximately 3:30 a.m. on December 19, 1983, two cars were stolen in the Blackwater Road area of Somersworth. The perpetrator of one of the car thefts was apprehended shortly thereafter. She was identified as the recently estranged wife of the defendant. The other car was found that night abandoned in a nearby parking lot. A bag of groceries, cartons of cigarettes, a jacket, some disposable diapers, and packages of Zig Zag cigarette papers were found on the back seat. These items did not belong to the owner of the car. The defendant's fingerprints were found on several packages of the Zig Zag papers.

After finding the bag of groceries in the car, the police made a security check of local grocery stores. They discovered that LeMay's Mini Market had indeed been burglarized. In the store, a box of disposable diapers had been opened and some of the diapers removed, a dispenser of Zig Zag papers had been emptied and its contents strewn on the floor, and a number of cigarette cartons had been taken. The defendant's fingerprints were found on packages of the Zig Zag papers and on an empty sandwich wrapper.

Investigating further, the police found two sets of footprints outside in the freshly fallen snow. These tracks led to Blackwater Road, where they separated, with the smaller set of tracks leading to the location of a house-trailer, where one of the two cars was stolen. The defendant's wife has been identified as the perpetrator of this theft. The other set of tracks entered upon the road.

In addition, the store owner testified that the jacket found with the groceries in the car was similar to one his wife owned, which he had not seen since about the time of the burglary.

The defendant's fingerprints on the Zig Zag papers found in the store and in the car are clearly the most incriminating evidence. The evidence strongly suggests that these prints were left during the burglary and the car theft. The dispenser of Zig Zag papers in the grocery store was located behind the counter, normally inaccessible to customers. The defendant, it is argued, could not have handled the papers as a patron of the store. The items found in the back seat of the car neither belonged to, nor were recognized by, the car owner, thus indicating that the items were placed in the car by

the thief. *Cf. Borum v. United States*, 380 F.2d 595, 595–96 (D.C. Cir. 1967) (housebreaking conviction overturned where no evidence indicated that the fingerprinted items had been inaccessible to the defendant at times other than during the housebreaking).

Upon reviewing the evidence, we conclude that the jury could have found, beyond a reasonable doubt, that the defendant burglarized the store, fled the scene with his plunder, and stole the car which was later found with the bag of groceries in the back seat. Viewed in the light most favorable to the prosecution, the circumstantial evidence supports no rational conclusion other than the defendant's guilt.

*Affirmed.*

All concurred.