Hillsborough
No. 84-047

### THE STATE OF NEW HAMPSHIRE

v.

### WILLIAM M. BARRY

October 26, 1984

*Gregory H. Smith*, attorney general (*T. David Plourde*, attorney, on the brief and orally), for the State.

*Malloy & Sullivan*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the defendant.

BATCHELDER, J.  The defendant appeals from a verdict of the Superior Court (*DiClerico*, J.) finding him guilty of driving while under the influence of intoxicating liquor, RSA 265:82 (1982)

(current version at Supp. 1983). The only issue before us is whether the court erred in denying a motion to suppress the results of a blood alcohol test. The blood test was ordered by the arresting officer pursuant to RSA 265:91, which authorizes blood tests in instances where the subject is incapable of refusing consent. The defendant claims that the statute was inapplicable to him because the evidence shows that he was capable of withholding his consent but was denied an opportunity to do so.

In considering the merits of the defendant's claim, we must view the evidence in the light most favorable to the State. *See State v. Martin*, 121 N.H. 1032, 1034, 437 A.2d 308, 309 (1981). We find that the evidence does not support defendant's argument and dismiss the appeal.

The defendant was involved in a serious car accident and was found in a semi-conscious state on the floor of his car. He was arrested and taken to the hospital for treatment of head injuries. At the hospital, the arresting officer twice read the defendant his *Miranda* rights and also explained his right under RSA 265:92 to withhold his consent to a blood alcohol test. The defendant failed to respond. He claims that although he failed to acknowledge the reading of his rights and the instructions regarding the implied consent law, he was, nonetheless, sufficiently coherent to withhold his consent. The evidence, however, supports the State's position and, on the whole, is more consistent with the testimony of the arresting officer:

> "At that point he appeared either to be unconscious or semi-conscious . . . . He wasn't responding to anything I said. I assumed that he either couldn't hear me or understand me or whatever. At this point his eyes were not open either, and I asked the hospital to have a lab technician come down and take the blood."

Although this and other evidence before the court conflicted in some respects with the testimony of both the defendant and a hospital laboratory technician, the evidence, taken as a whole, viewed in the light most favorable to the State, warranted the trial court's ruling as it did.

*Appeal dismissed; remanded.*

All concurred.