**IN THE COURT OF APPEALS OF IOWA**

No. 15-0985
Filed May 25, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**LEE CURTIS LEATHERBERRY JR.,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Marlita A. Greve (guilty plea and sentencing), Paul L. Macek (trial), and Mark D. Cleve (probation revocation and sentencing), Judges.

 A defendant challenges his conviction for burglary in the second degree and the assessment of costs on a dismissed charge. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

 Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Kevin Cmelik and Katherine M. Krickbaum (until her withdrawal), Assistant Attorneys General, for appellee.

 Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Lee Leatherberry contends his second-degree burglary conviction resulted from a case of mistaken identity. He argues his trial counsel, in moving for judgment of acquittal, was ineffective by failing to challenge the State's evidence he was the burglar. Because Leatherberry cannot show the reasonable probability of a different outcome had counsel contested the State's proof of identity, we affirm his burglary conviction.

Sentencing for that burglary conviction was combined with his probation revocation and sentencing on unrelated counts of willful injury causing bodily injury and theft in the first degree. Leatherberry's willful injury and theft convictions resulted from a plea agreement with the State. On appeal, he asserts the sentencing court erred in assessing costs against him for a robbery charge dismissed as part of that same bargain. Because Leatherberry did not agree to pay the costs associated with the dismissed charge, we vacate that portion of his sentence and remand for entry of a corrected restitution order.

## I. Facts and Prior Proceedings

In December 2012, the Scott County Attorney filed a trial information charging Leatherberry with willful injury causing serious injury, robbery in the first degree, and theft in the first degree. Leatherberry agreed to plead guilty to the lesser-included offense of willful injury causing bodily injury and theft in the first degree in return for the State's dismissal of the robbery count. In January 2013, the district court deferred judgment on those offenses and placed Leatherberry on probation for three years.

About one year into his probationary period, Leatherberry was named as a suspect in a home invasion. On December 2, 2014, Dominque Scott reported Leatherberry kicked in the door of her townhome, pushed by other occupants on the stairway, and broke through her upstairs bathroom door. The Scott County Attorney charged him with burglary in the second degree on February 2, 2015. Leatherberry stood trial for burglary on April 21, 2015. The twenty-two-year-old defendant testified in his own defense, claiming Scott mixed him up with his twenty-one-year-old brother Brandon, who bore a strong resemblance. The jury returned a guilty verdict the next day.

On June 4, 2015, the district court revoked his probation and ordered the willful injury and theft offenses to run consecutively to each other, but concurrently to the burglary offense, for a total term not to exceed fifteen years. Leatherberry now appeals.

## II. Scope and Standards of Review

Leatherberry's claim of ineffective assistance of counsel, because of its constitutional implications, calls for de novo review. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). We normally preserve such claims for postconviction proceedings, but we can resolve them on direct appeal if ample evidence in the record indicates a defendant suffered no prejudice due to counsel's alleged omission. *See State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003). We conclude the record is adequate here to resolve Leatherberry's claim as it relates to the motion for judgment of acquittal. *See id*

We review his sentencing claim for legal error. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014).

## III.     Ineffective-Assistance-of-Counsel Claim

In the motion for judgment of acquittal, trial counsel stated:

> Even in viewing [the evidence in] the light most favorable to the State, the State has failed to establish a prima facie case of Burglary in the Second Degree.  We would ask that the Court direct a verdict of acquittal in favor of my client, and essentially dismiss the case.

The district court denied the motion.

Leatherberry asserts his counsel was ineffective because the generic motion did not challenge the identity of the perpetrator.  Leatherberry is correct in his assertion that a motion for judgment of acquittal does not preserve error if counsel fails to cite specific grounds.  *See Scalise*, 660 N.W.2d at 62. Leatherberry contends he suffered prejudice because had counsel raised the identity issue, the court would not have allowed the case to proceed to the jury. He contends the State's witnesses were not credible in identifying him as the burglar and points out the State offered no fingerprint or DNA evidence.

We conclude Leatherberry cannot prove he was prejudiced by counsel's omission.  Dominique Scott testified she and Leatherberry had been friends for three years.  She acknowledged Lee looks like his brother Brandon but testified she could tell them apart.  At trial, a second witness, who was present in the townhouse at the time of the burglary, also identified Lee Leatherberry as the perpetrator.  Viewing the evidence in the light most favorable to the State, we find substantial evidence from which the jury could determine Leatherberry was the person who broke into Scott's townhouse.  *See State v. Reed*, 875 N.W.2d 693, 704-05 (2016) (recapitulating substantial-evidence standard).  The jury was entitled to the opportunity to assess the relative credibility of the witnesses.  *See*

*State v. Bruns*, 304 N.W.2d 217, 219 (Iowa 1981) ("The weight of the identification evidence is for the trier of fact."). Because the State's evidence generated a jury question, no reasonable probability existed that the district court would have granted a motion for judgment of acquittal premised on the identity issue. *See Scalice*, 660 N.W.2d at 62 (rejecting claim of ineffective assistance of counsel on prejudice prong).

## IV.    Restitution Issue

Court costs are a form of restitution. Iowa Code § 910.1(4) (2015). The restitution amount is part of the sentencing order and may be appealed directly. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984). Court costs may not be assessed against a defendant for dismissed counts unless the defendant expressly agrees to that assessment as part of a plea agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991).

In this case, the district court assessed all costs of the action against Leatherberry. On appeal, he contends the court was without authority to assess the costs of the dismissed robbery charge. The State concedes the restitution order was improper. Accordingly, we vacate that portion of the sentence and remand for the court to enter an amended restitution order excising the costs associated with the robbery count dismissed as part of the plea agreement.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS.**