Carroll
No. 6328

STATE OF NEW HAMPSHIRE

v.

RONALD R. REED

June 28, 1974

*Warren B. Rudman,* attorney general, *David W. Hess,* assistant attorney general, and *Thomas D. Rath,* assistant attorney general (*Mr. Rath* orally), for the State.

*William P. Shea,* by brief and orally, for the defendant.

DUNCAN, J. The defendant and Dennis W. Morrison were indicted under former RSA 583-A:2 (Supp. 1972) (Laws 1967, 190:1) for the January 1971 burglary of an unoccupied dwelling house in Conway. Trial by jury resulted in conviction of both defendants on May 11, 1971. Reed was sentenced to one year in the county jail, fined $250, and placed on probation. Morrison received a suspended six-month term and a similar fine. Defendant's exceptions to denial of his motion at the close of the state's evidence to dismiss the indictment for failure of the State to make out a prima facie case and to denial of his motion to modify the sentence were reserved and transferred by *Grant,* J.

On the afternoon of January 21, 1971, while driving past

the Alice Proctor house in Conway, Vernon Smith noticed an out-of-State car parked at the roadside near the house, and two individuals, one carrying a bulky object resembling a pink or white pillow case, coming from the rear of the house through deep snow in the yard. Knowing that the owner had gone South and that the house was closed for the winter, Smith stopped his truck. As he stopped, he saw the persons in the yard lie down in the snow, apparently to avoid detection. Smith then proceeded along the road to a driveway where he reversed his direction. Returning, he saw the individuals leave the yard over a picket fence, and enter the car after placing something in the trunk. He recorded the Maine registration number as the car drove off and immediately reported the incident to the police.

Shortly thereafter, the car was stopped by police and found to be occupied by Reed, Morrison, and two others. A search of the vehicle revealed a claw hammer and three bedspreads, two white and one pink, which were introduced in evidence at the trial. A police officer testified that when he investigated Smith's report immediately after it was received, he observed two sets of footprints between the road and a rear door of the house, which had apparently been entered by prying off a wooden covering over the door, smashing out a door panel, and reaching inside to open the door. The officer testified that the house had been ransacked, a locked closet broken open, and that there were traces of snow inside the door.

Alice Proctor was apparently unavailable to testify at the trial. A caretaker employed by her testified that she (the caretaker) had visited the house on January 17, and found things "in perfect condition", but that on her return with the police on January 22 the house was in great disarray. There was also evidence that marks found on the door through which entrance had been gained could have been caused by a claw hammer such as was found in the car.

The defendant argues that his motion to dismiss at the close of the State's case should have been granted because the State failed to make out a prima facie case of burglary against him. In order to avoid dismissal at the close of the state's evidence, evidence of each of the elements of the crime

of burglary had to be presented by the prosecution. *See State v. LeNoir,* 97 N.H. 462, 92 A.2d 159 (1952). "[N]o burden is placed on the defendant to disprove any part of the offense. . . . Nevertheless any element of the offense can be proved by circumstantial evidence." *State v. Wills,* 107 N.H. 107, 108, 218 A.2d 47, 48 (1966); *see State v. Canney,* 112 N.H. 301, 294 A.2d 382 (1972).

Laws 1967, 190:1 (RSA 583-A:2 (Supp. 1972)) defined the offense of burglary as follows: "A person is guilty of burglary if he enters a building or occupied structure . . . with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. It is an affirmative defense to prosecution for burglary that the building or structure was abandoned." That the evidence was sufficient to present a question to the jury on the elements of entry, and lack of license, requires little comment. The evidence that the house had been closed for the winter and a caretaker employed by the owner was undisputed on the record before us, and sufficient to show no abandonment of the building. The defendant argues that since the only witness to identify the bedspreads, a brother of Alice Proctor, stated on cross-examination that he presumed he would "have to say" he was guessing when he testified that they came from her house, there was no evidence of the element of intent to commit a crime within the house. With this view we cannot agree.

While evidence of a completed larceny within premises allegedly burglarized is frequently relied upon to establish the requisite criminal intent (*State v. Tierney,* 104 N.H. 408, 188 A.2d 333 (1963)) such proof is not essential to establish the intent required by the statute. Evidence of unexplained entry by breaking into a stranger's home, findably by the defendant and another, coupled with their suspicious attempt to conceal themselves while in the yard, was sufficient evidence of intent to commit a crime within the house. *State v. Charest,* 109 N.H. 201, 205, 247 A.2d 515, 518 (1968); *State v. Wills,* 107 N.H. 107, 109-10, 218 A.2d 47, 48-49 (1966); *State v. Skillings,* 98 N.H. 203, 207-08, 97 A.2d 202, 205-06 (1953). "In order to prevail the defendant must show that the evidence viewed in its entirety, giving the State the

benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged." *State v. Casey,* 113 N.H. 19, 19, 300 A.2d 325, 326 (1973). We consider that the motion to dismiss was properly denied.

The defendant also argues that his motion to modify his sentence was erroneously denied. This argument is based on a contention that the discrepancy between his sentence and that of Morrison "apparently" resulted from information contained in a presentence report, and denied him the equal protection guaranteed by the Federal Constitution. U. S. CONST. amend. XIV. The sentence of one year's imprisonment is the minimum provided by the statute. Laws 1967, 190:1 (RSA 583-A:3 II). The meager record before us does not include the presentence report or reports, and contains no suggestion that the trial court abused its discretion, or that any fourteenth amendment rights of the defendant have been violated. *State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973); *State v. Ferbert,* 113 N.H. 235, 306 A.2d 202 (1973); *see Williams v. Illinois,* 399 U.S. 235, 243 (1970). Denial of the motion to modify the sentence was not erroneous.

*Exceptions overruled.*

All concurred.