Merrimack
No. 82-354

### THE STATE OF NEW HAMPSHIRE

v.

### FREDA MITCHELL

December 12, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant was convicted by a jury in Superior Court (*Cann*, J.) of being an accomplice to an aggravated felonious sexual assault on a thirteen-year-old girl by one Warren Bushey. RSA 632-A:2 (Supp. 1981); RSA 626:8. The sole question is the sufficiency of the evidence to support a finding of penetration. We uphold the conviction.

It appears undisputed that Bushey attempted forcible intercourse with the thirteen-year-old girl, and that the defendant was present at the time and assisted in undressing the girl. The only question is whether there was penetration. Penetration is defined as "[a]ny intrusion, however slight, of any part of the actor's body or any

object manipulated by the actor into the genital or anal openings of the victim's body." RSA 632-A:1, V(e) (Supp. 1981).

■ In determining whether the evidence is sufficient, we must consider all the evidence and all reasonable inferences therefrom in the light most favorable to the prosecution and uphold the verdict unless we conclude that no rational trier of fact could find beyond a reasonable doubt that there was penetration. *State v. Reardon,* 121 N.H. 604, 431 A.2d 796 (1981); *Jackson v. Virginia,* 443 U.S. 307 (1979).

Although the victim was "not exactly sure" where Bushey's penis touched her body, she did say that her vagina "hurted" when he tried to put his "thing" in her. Bushey was interrupted when the victim's parents entered the apartment. They found her standing naked in the kitchen and Bushey hiding under the bed.

The doctor who examined the victim shortly after the incident testified that in his opinion she had been raped. He described the labia of the vagina as looking "very swollen, a lot more red than normal, [and it] glistened with a moist kind of fluid." He found no bruises in the area, "but towards the back half of the vagina, towards the rectal area, it looked split." "A milky fluid . . . was discharging from the patient's vagina." A lab report on this fluid revealed the presence of sperm, as well as a chemical which normally comes from ejaculate. It was the doctor's opinion that there had been penetration, but he conceded that he was not infallible.

The jury could find that, because the fluid coming from inside the victim's vagina contained sperm and a chemical normally coming from ejaculate, there was penetration sufficient to meet the requirements of RSA 632-A:1, V(e) (Supp. 1981). The swelling and redness of the vaginal labia further support the conclusion that there was penetration, "however slight."

■ Considering all of the evidence, we cannot say that no reasonable trier of fact could find penetration beyond a reasonable doubt.

*Affirmed.*

SOUTER, J., did not participate.