Merrimack
No. 82-453

# The State of New Hampshire

## v.

## Thomas E. Meloon

December 12, 1983

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

DOUGLAS, J. The defendant challenges the sufficiency of the evidence used to convict him of burglary after a jury trial in Superior Court (*Souter*, J.). Contending that the State failed to prove he intended to commit any crime upon his entering a building, the defendant asserts that the burglary conviction must be vacated and a conviction for criminal trespass entered instead. We affirm.

The evidence at trial revealed the following facts. At approximately 3:00 a.m., on May 2, 1982, Officer Miguel Cebollero, of the Concord Police Department, spotted a figure crouched inside the Trailways bus terminal. The headlights of Officer Cebollero's vehicle were aimed at the front windows of the terminal. After parking and radioing for assistance, the officer saw a figure fleeing the rear area of the building. He instructed the person to stop, but the person continued to flee, scaled a chain link fence, and crossed Interstate 93.

Officer Cebollero gave chase, again radioed for assistance, and was subsequently joined by several other officers. The defendant was spotted in the Merrimack River by officers searching the area and was arrested. The defendant had no stolen property in his possession at the time of capture. Later that month, six zipper bank bags were found approximately 2.5 miles downriver, caught in the gate house of the Garvin Falls dam canal. The bags were later identified as the property of Trailways Bus Company.

The evidence introduced at trial indicated that the rear door of the bus terminal had been kicked open, a coin drawer inside had been opened and left on the floor, and sixteen zipper bank bags (similar to those later found in the river) were missing. There was testimony that the bus terminal was regularly closed to the public after 7:30 p.m. A statement of Ray Malonis, also arrested in connection with the break-in, was introduced which placed the defendant and Malonis inside the bus terminal that morning.

The defendant was indicted for burglary in violation of RSA 635:1. At the close of the State's case, the defendant's motion to dis-

miss was denied. The jury was instructed on the element of *mens rea* required for a burglary conviction and on the lesser-included offense of criminal trespass. The jury returned a guilty verdict on the charge of burglary.

The defendant challenges the sufficiency of the State's evidence used to show his presence in the bus terminal was "with purpose to commit a crime therein," as required by RSA 635:1, I. The question presented is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

 In evaluating this claim, we must view the evidence in the light most favorable to the prosecution. *State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983); *State v. Cyr*, 122 N.H. 1155, 1159, 453 A.2d 1315, 1318 (1982). "We will uphold the jury's verdict unless 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *State v. Cobb, supra* at 540, 465 A.2d at 1206 (quoting *State v. Cyr, supra* at 1159, 453 A.2d at 1318); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "When the State's case rests upon circumstantial evidence, as it does here, such evidence must exclude all rational conclusions except that the defendant was guilty." *State v. Hopps*, 123 N.H. 541, 544, 465 A.2d 1206, 1208 (1983); *State v. Cyr, supra* at 1160, 453 A.2d at 1319.

 "An intent to steal may be inferred from the defendant's conduct under all the circumstances, and 'an unexplained breaking and entering may give rise to an inference that it was made with an intent to commit larceny.'" *State v. Reardon*, 121 N.H. 604, 605, 431 A.2d 796, 798 (1981) (quoting *State v. Wills*, 107 N.H. 107, 109, 218 A.2d 47, 49 (1966)). Proof of a completed larceny within an allegedly burglarized building is not essential to establish the requisite criminal intent. *State v. Reed*, 114 N.H. 377, 379, 321 A.2d 581, 582 (1974). "Evidence of an unexplained entry by breaking into a stranger's home, findably by the defendant and another, coupled with their suspicious attempt to conceal themselves while in the yard, was sufficient evidence of intent to commit a crime within the house." *Id.* at 379, 321 A.2d at 583. Flight from the scene of criminal activity may also be a factor relied upon by a jury to infer the requisite intent. *State v. Charest*, 109 N.H. 201, 205, 247 A.2d 515, 518 (1968).

 The statute requires that a purpose to commit a crime be proven. Proof of successful completion of a crime is not required. Therefore, the fact that the defendant was found without any stolen items in his possession at the time of apprehension is not controlling

on the issue of the defendant's intent at the time of his entry. *State v. Noel*, 119 N.H. 522, 528, 404 A.2d 290, 293 (1979).

 We hold, therefore, that a rational fact-finder could find proof of the defendant's guilt beyond a reasonable doubt. The presence of the defendant inside the bus terminal at 3:00 a.m. was clearly unauthorized. The door had been forced open. Some of the contents of the building were in disarray or missing. A rational inference of the defendant's purpose to commit a crime upon his entry could be drawn from his unauthorized entry at a late hour, coupled with the condition of the interior of the building, the defendant's suspicious flight from the building and his attempted concealment in the river.

*Affirmed.*

SOUTER, J., did not participate, the others concurred.