Merrimack
No. 84-441

### The State of New Hampshire

v.

### John L. Smith

December 4, 1985

*Stephen E. Merrill,* attorney general (*Andrew L. Isaac,* assistant attorney general, on the brief and orally), for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. In this appeal from his conviction for aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1983), the defendant challenges the sufficiency of the evidence and claims that the Trial Court (*DiClerico,* J.) erred in failing to instruct the jury that the alleged penetration, to be criminal, must have been for the purpose of sexual arousal or gratification. We affirm the conviction.

On June 28, 1983, the victim's mother picked up her 7 1/2-month-old child from the home of the defendant, whose wife regularly baby-sat for the child. The next morning, the victim's mother found blood in the infant's diaper, and took the child to see Dr. Francis Hayes. Dr. Hayes examined the infant and discovered internal injuries to the baby's genital area, including lacerations and bruises determined to be 12 to 24 hours old. Dr. Hayes suspected that the child had been abused, and contacted the welfare department.

On July 19, 1983, Detective Monteiro of the Concord Police Department interviewed the defendant, who informed the detective that he had accidently inserted his finger into the baby's vagina while checking her diaper for wetness. The conversation was recorded and later reviewed by the defendant.

On September 4th, Detective Monteiro and the defendant held a subsequent conversation, which was not recorded. Detective Monteiro testified at trial that during this interview, the defendant admitted that he had intentionally inserted his finger into the child's vagina and stated that he felt he was in need of some psychological help, although he did not believe that he was sexually aroused when he inserted his finger into the child. The defendant, on the other hand, testified at trial that the insertion was accidental, and denied ever expressing a need for psychological help. He testified that he had accidently penetrated the child when checking her diaper for wetness; although his fingernails were ragged and uncut, he did not believe he had hurt the child in any way.

Dr. Hayes testified at trial that he believed that the baby was abused, and considered an accident highly unlikely. Dr. Neil Anderson, who testified for the defendant, stated that the nature of the injury made it difficult to determine whether the penetration was intentional. At the close of the State's evidence, and again at the

close of all of the evidence, the defendant moved to dismiss the indictment on the basis of insufficiency of the evidence. Both motions were denied, and exceptions were noted.

The jury was instructed to consider whether the defendant was guilty of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1983) and, if not, whether the defendant was guilty of the lesser-included offense of sexual assault, RSA 632-A:4 (Supp. 1983). The defendant requested that the jury be instructed that the elements of aggravated felonious sexual assault included "sexual contact" as defined in RSA 632-A:1, IV (Supp. 1983), which requires that the sexual conduct "can be reasonably construed as being for the purpose of sexual arousal or gratification." This request was denied. The defendant was convicted of aggravated felonious sexual assault, and his motion to set aside the verdict on the ground of insufficiency of the evidence was denied. The defendant was sentenced to 7 1/2 to 15 years imprisonment, and he now appeals.

I. *Sufficiency of the Evidence*

The defendant asserts that the evidence at trial was insufficient to support his conviction. We must view the evidence in the light most favorable to the State, and uphold the jury's verdict unless no rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Meloon*, 124 N.H. 257, 259, 469 A.2d 1316, 1318 (1983) (citations omitted); *cf. Jackson v. Virginia*, 443 U.S. 307, 312–13, 324 (1979). The burden rests upon the defendant to show that the evidence was insufficient to prove guilt. *State v. Burke*, 122 N.H. 565, 569, 448 A.2d 962, 964 (1982) (citing *State v. Dupuy*, 118 N.H. 848, 850, 395 A.2d 851, 852 (1978)).

The defendant was charged with aggravated felonious sexual assault, a class A felony. RSA 632-A:2 (Supp. 1983). In order to be found guilty of this offense, the defendant must have purposely engaged in sexual penetration with a person who is less than thirteen years of age. RSA 632-A:2, XI (Supp. 1983). "Sexual penetration" includes "[a]ny intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into genital or anal openings of the victim's body." RSA 632-A:1, V(e) (Supp. 1983).

The evidence in this case was circumstantial, and thus must exclude all rational conclusions except guilt in order to be sufficient to convict. *Meloon, supra* at 259, 469 A.2d at 1318 (citation omitted). The defendant presented testimony to prove that the penetration occurred accidentally, and the State offered testimony to show that the defendant's penetration was intentional. The weight given to testimony depends upon the credibility of the witnesses as deter-

mined by the trier of fact, and we will defer to that determination unless we find that no reasonable person could have come to the same conclusion after weighing the conflicting testimony. *Roy v. Perrin*, 122 N.H. 88, 94–95, 441 A.2d 1151, 1155–56 (1982) (citations omitted). The jury in this case could have reasonably concluded, if it believed the testimony proffered by the State, that the defendant's penetration of the baby was intentional and for no legitimate purpose. We cannot say that no rational person could have found beyond a reasonable doubt that the defendant was guilty of aggravated felonious sexual assault based on evidence produced by the State.

## II. *Elements of Aggravated Felonious Sexual Assault*

The defendant claims that he was entitled to a jury instruction that the elements of aggravated felonious sexual assault include the requirement that sexual penetration must be for the purpose of sexual arousal or gratification. This position is based on the defendant's argument that sexual assault, RSA 632-A:4 (Supp. 1983), is a lesser-included offense of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1983), and that therefore "sexual contact," an element of the lesser offense, must be an element of the greater offense. We disagree.

Sexual assault is defined as sexual contact under any of the circumstances listed in RSA 632-A:2 (Supp. 1983). "Sexual contact," under RSA 632-A:1, IV (Supp. 1983), is "the intentional touching of the victim's or actor's sexual or intimate parts . . . which can be reasonably construed as being for the purpose of sexual arousal or gratification." Aggravated felonious sexual assault, on the other hand, requires only sexual penetration with another person under one of a number of circumstances, including when the victim is less than thirteen years of age. RSA 632-A:2, XI (Supp. 1983). "Sexual penetration," as defined in RSA 632-A:1, V (Supp. 1983), does not include the requirement that the sexual conduct be for the purpose of sexual arousal or gratification.

■■ The test to determine whether an offense is a lesser-included offense of the charged offense is whether all of the essential elements of the lesser offense are included in the greater offense. *State v. Merski*, 123 N.H. 564, 567, 465 A.2d 491, 493 (1983) (citations omitted). Sexual assault includes the element of a purpose of sexual gratification; this element is not included in aggravated felonious sexual assault. Sexual assault, therefore, cannot be a lesser-included offense of aggravated felonious sexual assault under the present statutory scheme.

■ This court has already ruled that "sexual contact" is not a necessary element of aggravated felonious sexual assault. *State v. Scott*, 117 N.H. 996, 997–98, 380 A.2d 1092, 1093 (1977). In *State v. vonKlock*, 121 N.H. 697, 433 A.2d 1299 (1981), we held that sexual assault is a lesser-included offense of aggravated felonious sexual assault. In *vonKlock*, however, we focused only on the physical aspect of sexual contact ("the intentional touching of the victim's . . . sexual or intimate parts"), and held that one must commit the crime of sexual assault before committing aggravated felonious sexual assault, inasmuch as it is impossible to commit sexual penetration without first engaging in the physical aspect of sexual contact. *vonKlock, supra* at 701, 433 A.2d at 1302–03. This ruling did not consider the mental element of sexual contact, which is the requirement that sexual contact be for the purpose of sexual arousal or gratification. In view of the complete definition of sexual contact, sexual assault cannot be a lesser-included offense of aggravated felonious sexual assault. Thus, to the extent *vonKlock* held that sexual assault is a lesser-included offense of aggravated felonious sexual assault, that case is now overruled.

New Hampshire's sexual assault law is patterned after the Michigan criminal sexual conduct law. N.H.H.R. JOUR. 600 (1975). Michigan courts have ruled that first degree criminal sexual conduct (MICH. COMP. LAWS ANN. § 750.520b (Supp. 1985)), which is like aggravated felonious sexual assault in New Hampshire, does not require a finding that the purpose of the penetration was sexual gratification. *People v. Garrow*, 99 Mich. App. 834, 839–40, 298 N.W.2d 627, 629–30 (Ct. App. 1980). Many psychiatrists believe that sexual gratification is not the purpose of most sexual assault. Inclusion of this element in aggravated felonious sexual assault could lead to cases where the defendant would argue that the purpose of the sexual assault was not sexual gratification or arousal, but the expression of hostility against women. *People v. Anderson*, 111 Mich. App. 671, 679 n.1, 314 N.W.2d 723, 726 n.1 (Ct. App. 1981). The Michigan Court of Appeals held that because second degree criminal sexual conduct (MICH. COMP. LAWS ANN. § 750.520c (Supp. 1985)), which is like sexual assault in New Hampshire, requires the purpose of sexual gratification, it cannot be a lesser-included offense of first degree criminal sexual conduct. *Garrow, supra* at 839–40, 298 N.W.2d at 629–30.

■ The trial court thus erred in instructing the jury that sexual assault was a lesser-included offense of aggravated felonious sexual assault. The trial court correctly defined the elements of the two offenses, however, and because the defendant was convicted of the

greater offense, the jury did not consider the lesser offense. We do not believe that the instructions to the jury made it either more likely that he would be convicted of the greater offense or less likely that he would be convicted of a lesser offense. We therefore conclude that the trial court's error does not require reversal.

 The defendant argues that the omission of the element of a purpose of sexual gratification in aggravated felonious sexual assault will make the statute unconstitutionally overbroad. A criminal statute is void for overbreadth if it attempts to control activities by means which invade areas of protected freedom. *State v. Chaisson*, 123 N.H. 17, 27, 458 A.2d 95, 100 (1983) (citing *State v. Albers*, 113 N.H. 132, 134, 303 A.2d 197, 199 (1973)). Legislative enactments are construed to avoid conflict with constitutional rights, and provisions may be cured through judicial construction. *State v. Smagula*, 117 N.H. 663, 666, 377 A.2d 608, 610 (1977) (citations omitted). The United States Court of Appeals for the Fifth Circuit held that a statute similar to RSA 632-A:2 (Supp. 1983), which prohibited the handling of or assault upon a child under the age of fourteen years in a "lewd, lascivious or indecent manner," described a manner of action so that "a person of ordinary intelligence could reasonably be expected to understand what such a clause forbids." *Gable v. Massey*, 566 F.2d 459, 461–62 (5th Cir.), *cert. denied*, 435 U.S. 975 (1978).

 We hold that RSA 632-A:2 (Supp. 1983) implicitly creates a defense in any prosecution for aggravated felonious sexual assault for penetration necessary for the health, hygiene, or safety of a child. The offense of aggravated felonious sexual assault was not intended to include penetration of a child for benign purposes such as, for example, washing, administering an enema, or taking a child's temperature. A child is assumed to consent to ordinary contacts which are reasonably necessary to the common current of life. *See McCracken v. Sloan*, 40 N.C. App. 214, 217, 252 S.E.2d 250, 252 (Ct. App. 1979). Routine and ordinary penetrations of a child which occur in the course of caring for him or her do not fall within the prohibitions of the statute, and the statute is thus not overbroad because it does not prohibit any protected conduct.

 Penetration for a legitimate purpose is a defense to aggravated felonious sexual assault. *See* RSA 626:7. If the evidence supports it, a defendant charged with aggravated felonious sexual assault is therefore entitled to an instruction that if the jury should find the alleged penetration was necessary for the health, hygiene, or safety of the child, it must find the defendant not guilty. Although the defendant in this case did not receive such an instruc-

tion, we find that no prejudice resulted because there was no evidence that the defendant's penetration of the child was necessary for the baby's health or hygiene. The defense in this case was that the penetration was accidental, and the jury charge sufficiently emphasized the requirement that the penetration was purposeful. Any error was therefore harmless, and we affirm the conviction.

*Affirmed.*

All concurred.