Hillsborough
No. 90-028

## THE STATE OF NEW HAMPSHIRE

v.

## KEVIN J. O'NEILL, SR.

April 26, 1991

*John P. Arnold*, attorney general (*John S. Davis*, assistant attorney general, on the brief, and *David S. Peck*, senior assistant attorney general, orally), for the State.

*Macaronis Law Firm*, of Lowell, Massachusetts (*Nicholas Macaronis & a.* on the brief, and *Mr. Macaronis* orally), for the defendant.

HORTON, J. The State appeals from an order of the Superior Court (*Groff*, J.) setting aside the jury's guilty verdict on two

charges of aggravated felonious sexual assault, in a manner effecting judgment for the defendant, notwithstanding the verdict. The judge overturned the jury's verdict on the basis that the jury could not, as a matter of law, find a necessary element of the offense, penetration, beyond a reasonable doubt. After reviewing the transcript of the evidence presented, we affirm.

The two indictments charged the defendant with twice sexually assaulting his son in 1985. The defendant had weekend visitation rights, and several times took his son to visit the defendant's sister in Nashua. The facts, which the defense does not contest, show that on March 17, 1985, the defendant took his son, then age seven, to an upstairs bedroom at the sister's house. There, according to the son's testimony, the defendant fondled the child's penis, turned him on his stomach and then "stuck his fingers in my bum." The son also testified to a similar incident during a later visit, in December of 1985. Then age eight, the son was told to pull down his pants. The child testified that his father "touched" him, and "pulled on my pee-pee and stuck his fingers in my bum." When asked by the prosecutor to point to his bum, he either pointed to the area of his buttocks, or placed his hand on his buttocks. The prosecution did not ask more detailed follow-up questions, and no charts or dolls were used to aid this testimony. Because the reporting of these incidents occurred long after the event, no physical evidence was available. On both occasions, the father threatened to kill the son if he told anyone. After these incidents, the son told relatives he did not want to see his father, and that he felt unsafe around him. Relatives also testified to the child's nightmares, loss of appetite, aggressiveness and bed wetting. In January 1988, the son described the incidents to his grandmother, with whom he lives.

At trial, the defendant asserted that he had not touched his son illegally, and that the victim's testimony was the result of "coaching" by the grandmother, as part of a custody dispute.

At the close of the evidence, the defendant moved for a directed verdict on the basis that penetration had not been legally established. The defendant asked the court not to rule on the motion until after a verdict. The jury was correctly instructed that "any intrusion however slight by any part of the defendant's body . . . into the anal opening of the victim's body," constituted sexual penetration. *See* RSA 632-A:1, V(e). Based on this charge, the jury returned a guilty verdict against the defendant.

At this point, the trial judge returned to the motion for a directed verdict, and denied it. However, he invited other motions, and later

granted the defendant's motion to set aside the verdict in a manner effecting a judgment of acquittal, notwithstanding the verdict. The State now appeals from this ruling.

## I. *Standard of Review*

This court's first duty is to determine what reviewing standard we will apply when the State appeals, pursuant to RSA 606:10, III(c), from a judgment notwithstanding the verdict (n.o.v.). Because the right to appeal was granted to the State only in 1986, *see* RSA 606:10 (1986), we have not yet had occasion to decide the standard of review of a judgment n.o.v. in a criminal case. The defendant contends that, for the review of a granting of judgment n.o.v., we should apply the standard of review for setting aside a verdict, as set out in *State v. Houle*, 120 N.H. 160, 412 A.2d 736 (1980) and *State v. Gruber*, 132 N.H. 83, 562 A.2d 156 (1989), that "the determination whether to deny a motion to set aside the verdict rests within the sound discretion of the court." *Id.* at 92, 562 A.2d at 161. The State urges us to review the decision under the familiar sufficiency standard, that is, taking all evidence and all reasonable inferences therefrom, to determine whether the trial court was correct in finding that, as a matter of law, no rational trier of fact could find guilt beyond a reasonable doubt.

The cases cited by the defendant, in support of his position, set out the standards for this court to apply when a judge sets aside a verdict, without awarding judgment contrary thereto. In this case, the judge not only set aside the verdict for the purpose of a new trial, but found that there was no evidence as to penetration, and therefore that the defendant was legally entitled to a judgment of acquittal.

■ The distinctions between such levels of review were laid out for civil proceedings in *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 495–96, 389 A.2d 429, 431–32 (1978). That decision is equally applicable in criminal cases, absent an interference with constitutional rights. *See State v. Staples*, 121 N.H. 959, 962, 437 A.2d 266, 267 (1981). Thus, although the trial court has substantial discretion to set aside a verdict based on the weight of the evidence, *Kierstead*, 118 N.H. at 496, 389 A.2d at 431; *Wisutskie v. Malouin*, 88 N.H. 242, 244, 186 A. 769, 770 (1936); *Bennett v. Larose*, 82 N.H. 443, 445, 136 A. 254, 255–56 (1926), the question of whether a judgment n.o.v. is required because of the insufficiency of the evidence is a question of law, *Gowen v. Brothers*, 121 N.H. 377, 380, 430 A.2d 159, 161 (1981); *Muzzy v. Rockingham County Trust Co.*, 113 N.H. 520,

521, 309 A.2d 893, 893–94 (1973). The trial judge then "has very little discretion when deciding whether to grant the motion for judgment n.o.v." *Gowen*, 121 N.H. at 380, 430 A.2d at 161 (citing *Amabello v. Colonial Motors*, 117 N.H. 556, 561, 374 A.2d 1182, 1185 (1977)).

The defendant's motion seeking judgment n.o.v. asserted that he was entitled to judgment under the *law*, terminating the case, notwithstanding the verdict returned against him by the jury. *See* 46 AM. JUR. 2d *Judgments* § 106 (1969); R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1753, at 352 (1984) ("[m]otions for judgment n.o.v. . . . assert . . . that the record is so clear that the court is justified as a matter of law in entering a different verdict without a new trial"). The defendant has chosen to have a jury determine his guilt or innocence, and that duty should rest with the jury. The jury is the finder of fact, and full deference must be given to its findings. The judge should not preempt this decision-making process unless an error of law will occur.

■ We therefore conclude that, in reviewing a trial court's judgment n.o.v., we will reinstate the jury's verdict unless no rational trier of fact could find guilt beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. *See State v. Mitchell*, 124 N.H. 247, 248, 469 A.2d 1310, 1311 (1983); *State v. St. John*, 120 N.H. 61, 64, 410 A.2d 1126, 1128 (1980); *United States v. McNatt*, 813 F.2d 499, 502 (1st Cir. 1987). We see no reason not to apply the same standard of review to this question of law as we apply to a legal challenge for insufficiency of the evidence.

II. *Application of the Standard of Review*

In applying the facts to the standard, we must note the type of evidence presented to the jury. Our review does not involve an inquiry solely into whether the jury was given an instruction that guilt must be found "beyond a reasonable doubt," and then a search for *any* evidence of guilt. *Jackson v. Virginia*, 433 U.S. 307, 315–16 (1979). The search for sufficient evidence involves an evaluation of the evidence to determine whether a "reasonable" jury could have found guilt beyond a reasonable doubt. *Id.* In the present case, the victim testified as to the assault. If the victim's testimony suffices to establish a *prima facie* case, no corroborating evidence is needed. *State v. Lemire*, 115 N.H. 526, 533, 345 A.2d 906, 912 (1975). Thus, this is not a case based solely on circumstantial evidence, where the evidence "must exclude all rational conclusions except that the de-

fendant was guilty." *State v. Meloon*, 124 N.H. 257, 259, 469 A.2d 1316, 1318 (1983) (citations omitted). However, "[t]he rational trier [of fact] is, of course, entitled to infer guilt from circumstantial evidence that excludes all other rational conclusions." *State v. Murray*, 129 N.H. 645, 650, 531 A.2d 323, 327 (1987) (citation omitted).

In this case, the evidence presented as to penetration rested solely upon the testimony of the victim. No physical evidence and no other eyewitnesses to the alleged assault were presented to the jury. No charts or dolls were used as demonstrative aids. The circumstantial evidence did not exclude all rational inferences other than that penetration occurred.

The State urges us to look at evidence of the defendant's conduct during the alleged penetration to solidify the testimony's inference of penetration. We do not find that this evidence supports the inference of penetration, but rather we find that these other acts help distinguish the cases cited by the State. In each case, the circumstances surrounding the attack augmented the somewhat ambiguous language of the testimony. *See, e.g., Commonwealth v. Westcott*, 523 A.2d 1140 (Pa. Super. Ct.), *appeal denied*, 533 A.2d 712 (Pa. 1987) (circumstantial evidence of the assault indicated purpose of attack, although penetration not unambiguously established by victim's testimony). The State urges that sexual gratification centers around, *inter alia*, the anus, and that the mere fact of the defendant's fingers being near the area warrants the conclusion that there was anal penetration. They also charge that the defendant's procurement of an opportunity for the attack, his fondling of the victim's penis, and subsequent threats of retribution if the victim told anyone, complete the inference of penetration. These circumstances do not, to our mind, "exclude all other rational conclusions" than that penetration occurred. *Murray*, 129 N.H. at 650, 531 A.2d at 327. These acts are consistent with and could all be explained by the defendant's commission of the uncharged act of touching the victim's penis, or even by a failed attempt at penetration. The circumstances do not exclude these other possible conclusions as to the defendant's acts and purpose, nor do they contribute to establishing that anal penetration occurred.

Left with the bare testimony of the victim concerning the act of penetration, we can see no difference between the testimony in this case and that in *State v. Fennell*, 133 N.H. 402, 578 A.2d 329 (1990). In both cases the testimony, viewed even in the light most favorable to the prosecution, "failed to show that the defendant digitally penetrated the victim." *Id.* at 409, 578 A.2d at 333. Instead, as the trial

judge correctly observed, "[a]t best, the evidence shows that the defendant's finger 'may' have intruded into the victim's anal opening." This possibility is not evidence that rises to the level of permitting a rational conclusion of guilt *beyond a reasonable doubt.* The mere chance, without more, that the witness meant "anus" by the term "bum" does not support the conclusion sufficiently to meet the reasonable doubt standard.

■■ The State next urges that the victim's pointing to his posterior when asked to point to his "bum" permitted the reasonable inference that he was referring to his "anus" by the term "bum". We do not agree that this action would permit such a reasonable inference. The duty to determine what inferences cross the threshold of reasonableness is a question which rests with this court, based on the record submitted. While we can review the record presented to us, we recognize that certain doubts exist in this record as to what, precisely, the victim pointed to when asked to point to his "bum". The record merely indicated that the victim did "comply" with this request. We therefore find that the victim's act of pointing at a general area of his body did no more to indicate that he meant his anus, than that he meant his buttocks, and was not sufficient to permit a reasonable inference as to the penetration element of the criminal charge.

Beyond this, no attempts were made by the prosecution to show that the victim's use of the term "bum" meant anything other than the common definition. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 187 (college ed. 1983) ("Chiefly Brit.: buttocks"). No additional testimony, either by the victim or by others, was introduced to establish the meaning of the term. *See Mitchell,* 124 N.H. at 248, 469 A.2d at 1311 (physical evidence, as well as testimony that victim experienced pain, augmented testimony); *Villanueva v. State,* 703 S.W.2d 244 (Tex. Ct. App. 1985) (testimony of the victim's parent that victim meant anus by the term "butt").

We also must bear in mind the admonition of the Ohio Supreme Court in *State v. Ferguson,* 5 Ohio St. 3d 160, 168 n.6, 450 N.E.2d 265, 271–72 (1983) that penetration cannot be established merely by the fact that it is implicit in the context of the testimony.

> "[This] presumes that had the prosecutor asked the victim whether appellee penetrated her or whether she was referring to sexual intercourse the record would have disclosed affirmative responses. The consequences of this approach are disturbing to say the least. By utilizing such presumptions the minority seeks to make the record which the pros-

ecutor failed to make. Perhaps the minority should be reminded that it is the [S]tate's burden to prove an accused's guilt beyond a reasonable doubt, not ours . . . . [A]s unpleasant an ordeal as it might be, we must reinforce the need to have the events described with sufficient clarity to establish the offender's guilt beyond a reasonable doubt. To this end, the prosecutor must be aware of the elements necessary to prove the [S]tate's case and to elicit testimony as to those elements as tactfully as possible."

 The testimony in the present case, absent explanation or clarification by the State, is too subjective and speculative to establish penetration of the anus beyond a reasonable doubt. No rational trier of fact could find penetration based on the evidence presented and the reasonable inferences therefrom. The trial court's judgment n.o.v. was required and properly granted.

*Affirmed.*

All concurred.