Merrimack
No. 2002-553

## LEO A. DEROSIA

### v.

## WARDEN, N.H. STATE PRISON

Submitted: March 3, 2003
Opinion Issued: June 9, 2003

*Peter W. Heed*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief), for the State.

*Michael J. Sheehan*, of Concord, by brief, for the defendant.

BROCK, C.J. The petitioner, Leo Derosia, appeals the Superior Court's (*Smukler*, J.) denial of his petition for writ of habeas corpus, arguing that his prior burglary conviction cannot serve as a predicate theft conviction for the purpose of triggering the enhanced penalty provision of RSA 637:11, II(b) (1996). We affirm.

The petitioner was convicted of one count of receiving stolen property. *See* RSA 637:7 (1996) (amended 2001). Relying in part on RSA 637:11, II(b), which makes a theft crime a class B felony where "[t]he actor has been twice before convicted of theft of property or services," the trial court sentenced the petitioner to an extended term in the State prison. The petitioner subsequently filed a petition for writ of habeas corpus, asserting, among other things, that his 1980 conviction for burglary with the purpose to commit theft was not a "theft" crime for the purpose of sentence enhancement. The trial court concluded that burglary with the purpose to commit theft contained both the *mens rea* and the *actus reus* of a theft crime and, accordingly, denied the motion. This appeal followed.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Hatt*, 144 N.H. 246, 247 (1999) (quotation omitted). New Hampshire does not, however, follow the common law rule that criminal statutes are to be strictly construed. RSA 625:3 (1996). Rather, our task is to construe the Criminal Code provisions "according to the fair import of their terms and to promote justice." *Id.*

The issue before us is whether "theft of property or services" as set forth in RSA 637:11, II(b) encompasses burglary with the purpose to commit theft. The defendant argues that the burglary statute criminalizes

unauthorized entry into a building and, therefore, cannot serve as a predicate "theft" conviction.

"Theft" includes crimes "such as" larceny, embezzlement, false pretense, extortion, blackmail and receiving stolen property. RSA 637:1 (1996). "The words 'such as' render the list of crimes merely illustrative rather than exhaustive." *State v. Partlow*, 117 N.H. 78, 81 (1977).

■ We need not decide whether burglary in its generic sense could serve as a prior "theft" conviction. As the trial court noted, "Had petitioner been convicted of burglary with the purpose to commit a crime other than theft, such a conviction might not qualify as a theft crime." Here, however, we are asked only whether burglary with the purpose to commit theft qualifies as a predicate theft offense for sentence enhancement purposes. We conclude, consistent with the broad statutory definition of "theft," that burglary with the purpose to commit theft is a theft crime for the purpose of penalty enhancement. *See State v. Harper*, 126 N.H. 815, 819 (1985). Accordingly, we affirm.

In his notice of appeal, the defendant asserted that his conviction for felony theft violated his State and federal constitutional rights to due process of law. Because he did not brief these constitutional issues, however, we deem them waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

NADEAU, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; DALIANIS, J., dissented.

DALIANIS, J. dissenting. I disagree with the majority's interpretation of RSA 637:11, II(b) (1996), and would hold that the crime of burglary cannot serve as a predicate conviction for purposes of that statute. RSA 637:11, II(b) provides, in part, that a theft constitutes a class B felony if "[t]he actor has been twice before convicted of theft of property or services, as a felony or class A misdemeanor." While not deciding whether burglary in its "generic sense" constitutes a predicate offense for penalty enhancement, the majority holds that the crime of burglary with the purpose to commit theft is the equivalent of a theft crime for purposes of RSA 637:11, II(b).

RSA 635:1, I (1996), provides, in part, that:

A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein . . . .

As the title of RSA chapter 635 suggests, burglary is an "unauthorized entry" crime. While "[t]he statute requires that a purpose to commit a crime be proven[,] [p]roof of successful completion of a crime is not required." *State v. Meloon*, 124 N.H. 257, 259 (1983). Indeed, one can be convicted of burglary with the purpose to commit theft under RSA 635:1, I, without ever completing the theft portion of the crime. *See id.* As a result, I disagree with the trial court's conclusion that burglary to commit theft contains the same *mens rea* and *actus reus* of a theft crime.

I recognize that the provisions of our State's Criminal Code are "construed according to the fair import of their terms and to promote justice." *State v. Hill*, 146 N.H. 568, 575 (2001) (quotation omitted); RSA 625:3 (1996). Nevertheless, we interpret statutory language in accordance with its common usage, *Hill*, 146 N.H. at 575, and will not add words that the legislature chose not to include, *State v. Hatt*, 144 N.H. 246, 247 (1999). Even a liberal interpretation of RSA 637:11, II(b) does not support a reading that burglary with the purpose to commit theft can be used as a predicate offense for penalty enhancement under RSA 637:11, II(b). On the contrary, I construe the language of RSA 637:11, II(b) as requiring that a defendant must have been previously convicted of completing the crime of theft of property or services, crimes which are specifically described in RSA chapter 637. "Absent a consideration of the statute's legislative history, however, I fail to see how this court can presume legislative intent that is otherwise not clear from the plain language." *State v. Allard*, 148 N.H. 702, 709 (2002) (Dalianis, J., dissenting).

Based upon the foregoing, I respectfully dissent.