NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
Case No. 2022-0563
Citation: State v. Small, 2024 N.H. 15

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER A. SMALL

Argued: November 29, 2023
Opinion Issued: April 3, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Robert L. Baldridge, attorney, on the brief and orally), for the State.

Pamela E. Phelan, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.

MACDONALD, C.J.

[¶1] The defendant, Christopher A. Small, was convicted by a jury in the Superior Court (Will, J.) on four charges: (1) aggravated felonious sexual assault (AFSA) by sexual intercourse with a minor, see RSA 632-A:2, IV (2016 & Supp. 2023); (2) AFSA by digital penetration of a minor, see RSA 632-A:2, IV; and (3) two counts of pattern AFSA, see RSA 632-A:2, III (2016 & Supp. 2023).

On appeal, the defendant challenges one of the pattern AFSA convictions which alleged that he engaged in a pattern of sexual assault by purposely touching the breasts of the victim, who was under the age of thirteen, more than once over a period of two months or more and within a period of five years. The defendant argues that the trial court erred by denying his motion to dismiss that charge. We affirm.

I. Background

[¶2] The jury could have found, or the record otherwise supports, the following facts. When the victim was nine or ten years old, the defendant began sexually assaulting her. The assaults started with the defendant inappropriately touching the victim's "chest" and escalated to the defendant touching the victim's vagina. Similar assaults occurred on other occasions.

[¶3] The defendant was indicted on four counts of AFSA against the victim alleging, inter alia, a pattern of touching the victim's genitalia and a pattern of touching the victim's breasts. The trial court held a three-day jury trial.

[¶4] At trial, the State asked the victim if the defendant "ever [did] something inappropriate with you?" The victim responded "yes" and explained that the defendant's behavior began with cuddling in the defendant's bedroom. She testified that "eventually [the defendant] would just start rubbing my arm or he would rub my back, and it would escalate from there." She testified that "it escalated from rubbing the arm to the back to underneath the shirt, touching my upper half." The State responded, "You said your upper half and you kind of pointed to yourself . . . ." The victim said, "My chest." The victim testified that the touching progressed to the defendant touching her vagina under her clothes. She testified that similar assaults occurred on later occasions. Referring to the defendant touching the victim's chest, the State asked, "At that time, did you know that that was something that was wrong?" The victim responded, "Yes. At that age, yes."

[¶5] At the close of the State's case, defense counsel moved to dismiss the indictments. In arguing the motion, defense counsel only discussed the pattern touching of the breasts indictment, stating that "even in the light most favorable to the State, there has not been testimony given that would establish the elements as to that pattern indictment." Counsel argued that there was "no testimony to indicate that [the victim] specifically was referring to the breast when she described it as chest." The State argued that the victim "identified that it was her breasts that the Defendant touched" as "a reasonable juror could find" that "the chest is the same as the breasts." The court denied the motion. The court stated: "The victim did testify that the touching occurred under her shirt, and she used the word chest. I'm satisfied, taking the testimony in the . . . light most favorable to the State and drawing all

2

inferences favorable to the State, that the jury could find that her testimony and gesturing . . . referred to her breasts." The jury returned verdicts of guilty on all counts. This appeal followed.

II. Analysis

[¶6] On appeal, the defendant argues that the record establishes only that he may have touched the victim's breasts and that such evidence is not sufficient "to rise to the level of permitting a rational conclusion of guilt beyond a reasonable doubt." The defendant asserts that there "is nothing in the record to indicate that [the victim] . . . meant anything other than the ordinary meaning" of the word "chest," which is "not [a] synonym[] for 'breast.'" The State counters that there was sufficient evidence that the defendant committed AFSA by touching the victim's breasts. We agree with the State.

[¶7] A challenge to the sufficiency of the evidence raises a claim of legal error; therefore, our standard of review is de novo. State v. Bell, 175 N.H. 382, 385 (2022). To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. Id.

[¶8] A rational jury, viewing all of the evidence in the light most favorable to the State, could reasonably infer that the defendant touched the victim's breasts as charged, beyond a reasonable doubt. Importantly, the victim's testimony about this charge began with the State asking about when the defendant did "something inappropriate" with her. The testimony was book-ended by the victim testifying that she knew the defendant touching her chest was wrong, even at the time that it occurred. Further, the victim testified that after the defendant touched her chest underneath her shirt, he went on to touch her vagina. A jury could reasonably infer that "inappropriate" and "wrong" touching of the victim's chest underneath her shirt, which immediately preceded inappropriate touching of the victim's vagina, was, in fact, a touching of her breasts.

[¶9] The defendant compares this case to State v. O'Neill, 134 N.H. 182 (1991), in which we held that a minor's testimony that the defendant "stuck his fingers in my bum," combined with the minor pointing "to the area of his buttocks," was insufficient to prove penetration. State v. O'Neill, 134 N.H. 182, 187-88 (1991) (quotation omitted). After noting that the dictionary definition of the term "bum" includes "buttocks," we held that the testimony was too speculative to establish beyond a reasonable doubt that there was penetration of the minor's anus. See id. We conclude that O'Neill is distinguishable from the instant case. There is a substantial difference between the State's burden to prove touching of the breasts and its burden to prove digital anal penetration. See State v. King, 151 N.H. 59, 62 (2004) (in part distinguishing

3

O'Neill as the defendant in King was convicted of intentional touching rather than penetration).  Viewing the victim's testimony and all reasonable inferences drawn therefrom in the light most favorable to the State, we conclude that it was not "too speculative" for the jury to find, beyond a reasonable doubt, that the defendant unlawfully touched the victim's breasts.  See O'Neill, 134 N.H. at 188.  Accordingly, we affirm the trial court's denial of the defendant's motion to dismiss the charge of pattern AFSA.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.