Portsmouth District Court
No. 2007-735

THE STATE OF NEW HAMPSHIRE

v.

CHRISTINA M. DOWNS

Submitted: September 16, 2008
Opinion Issued: October 8, 2008

*Kelly A. Ayotte*, attorney general (*Jacqueline J. Rompre*, attorney, on the memorandum of law), for the State.

Christina M. Downs, by brief, *pro se*.

DALIANIS, J. The defendant, Christina M. Downs, was found guilty of speeding, *see* RSA 265:60 (Supp. 2007), by the Portsmouth District Court (*Gardner*, J.). She challenges the validity of the posted speed limit as not having been established pursuant to an engineering and traffic investigation, *see* RSA 265:62, I, :63, I (2004), or in accordance with the Manual on Uniform Traffic Control Devices (MUTCD) published by the United States Department of Transportation. We affirm.

On May 23, 2007, a Portsmouth police officer ticketed the defendant for driving forty-four miles per hour in a posted twenty-five mile per hour speed zone. According to the officer, he issued the ticket because the defendant's speed was unreasonable for the portion of road on which she was traveling.

Prior to trial, the defendant requested of the State "[a]ll engineering reports and studies performed in the determination of the posted [speed] limit." At trial, she moved to dismiss upon the basis that the State had not produced an engineering study justifying the posted speed limit, and "object[ed] to the State laying the foundation of its case without first producing a copy" of such a study. The State replied that "the police department does not have access to those engineering studies if, in fact, they exist. We notified the defendant of the fact that we did not have that material in our possession, and that she would need to look elsewhere to find that material." The trial court denied the motion, found that the State had not violated any discovery rule, and found the defendant guilty. The defendant appeals these rulings.

RSA 265:60, I, provides that "[n]o person shall drive a vehicle on a way at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Below the maximum speed limit of sixty-five miles per hour, *see* RSA 265:60, II(e), III, the statute does not specify speeds beyond which travel is *per se* prohibited, but provides that travel in excess of the speeds "specified in this section or established as hereinafter authorized" is *prima facie* evidence of an unreasonable speed, RSA 265:60, II; *see State v. Condict*, 122 N.H. 1133, 1137 (1982). The statute then establishes several *prima facie* speed limits. RSA 265:60, II(a)-(f).

Either the commissioner of transportation (commissioner) or local authorities may alter the *prima facie* speed limits of RSA 265:60 for roads within their jurisdictions, but only if they determine, on the basis of an engineering and traffic investigation, that the *prima facie* speed limit is greater or less than is reasonable or safe under the conditions found to exist at the particular location. RSA 265:62, I, :63, I; *see Condict*, 122 N.H. at 1135-36. The altered speed limits become effective upon the posting of "appropriate signs giving notice thereof," RSA 265:62, I, :63, III, and, in the case of speed limits altered by local authorities, when they are approved by the commissioner, RSA 265:63, IV.

■ In this case, the posted speed limit is inconsistent with the *prima facie* speed limits in RSA 265:60, II. Thus, the defendant posits that the speed limit could have been valid only if it was established on the basis of an engineering and traffic investigation, and only if it complied with the

standards set forth in the MUTCD, which the commissioner has adopted. *See* N.H. DEP'T OF TRANSP. POLICY NO. 402.01 (2004) (available at N.H. Supreme Court, App. to State's Memorandum of Law at A-1). The defendant's arguments presuppose that: (1) the validity of a posted speed limit is a defense to a charge of speeding; and (2) it is the State's burden to establish the validity of the speed limit. Assuming, without deciding, that the validity of the speed limit is a defense, *cf. State v. Langley*, 92 N.H. 136, 136-37, 139 (1942) (quashing speeding charge where speed limit sign was not validly posted), we conclude that a posted speed limit is presumptively valid, and that the defendant has not overcome the presumption.

 "Any traffic control device placed pursuant to the provisions of [RSA chapter 265] and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this chapter, unless the contrary shall be established by competent evidence." RSA 265:9, IV (2004); *see also* RSA 236:5 (1993). Although "traffic control device" is not defined by RSA 265:9 (2004), which generally obliges a driver to "obey the instructions of any traffic control device," RSA 265:9, I, it is defined by the MUTCD to include *"all signs . . .* used to regulate, warn, or guide traffic, placed on, over, or adjacent to a street, [or] highway . . . by authority of a public agency having jurisdiction." FED. HIGHWAY ADMIN., U.S. DEP'T OF TRANSP., MANUAL ON UNIFORM TRAFFIC CONTROL DEVICES, at page I-1 (2003) (emphasis added). Moreover, we note that the statute is part of a subdivision entitled "Traffic Signs, Signals and Markings," and that in a separate paragraph, RSA 265:9 states that "[n]o provision of [RSA chapter 265] for which signs are required shall be enforced" if the sign at issue "is not in proper position and sufficiently legible." RSA 265:9, II. We conclude that, viewed within the context of the overall statutory scheme, *see In the Matter of Carr & Edmunds*, 156 N.H. 498, 504 (2007), the term "traffic control device" encompasses speed limit signs, and that the legislature intended to create a legal presumption that any properly positioned, legible speed limit sign is valid.

 The burden of rebutting the presumption that a posted speed limit is valid rests upon the party seeking to overcome it. *See State v. Shannon*, 155 N.H. 135, 139 (2007); N.H. R. EV. 301. Accordingly, to the extent the lack of an engineering and traffic investigation, or noncompliance with such an investigation, is a defense to a charge of speeding, the burden is upon the defendant to introduce "competent evidence tending to show a lack of strict compliance with [the] statutory procedures." *State v. Page*, 457 A.2d 653, 654 (Vt. 1983).

■ Here, although the defendant sought production of engineering studies relative to the speed zone at issue, the prosecutor represented that such studies were not within his custody or the custody of the Portsmouth Police Department. We agree with the State that its duty to disclose exculpatory material does not extend to records not within the control of the prosecutor or police department. *See State v. Lavallee*, 145 N.H. 424, 427 (2000). Nor is there any evidence to support the defendant's bald assertions that the speed limit was not, in fact, properly established. *See Page*, 457 A.2d at 654 (mere assertion of counsel that defendant was unable to find engineering and traffic investigation insufficient to establish invalidity of speed limit).

■ We conclude, therefore, that the defendant did not overcome the presumption that the posted speed limit was valid. Thus, the trial court did not err by denying the defendant's motion to dismiss and convicting her upon the *prima facie* evidence of her unreasonable speed. *See Condict*, 122 N.H. at 1137. The defendant's remaining arguments are either inadequately developed, *see State v. Blackmer*, 149 N.H. 47, 49 (2003), or are without merit, warranting no further discussion, *see Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.