# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0369, <u>State of New Hampshire v. Joshua Patel</u>, the court on April 29, 2016, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Following a trial in the Circuit Court (<u>Gardner</u>, J.), the defendant, Joshua Patel, was found guilty of speeding. <u>See</u> RSA 265:60 (2014) (amended 2015). We construe his brief as challenging the sufficiency of the evidence to establish that he was speeding, and the trial court's decision to credit the testimony of the state trooper who charged him with speeding.

When examining the sufficiency of evidence to support the finding of guilty, we objectively review the record to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. <u>See</u> <u>State v. Zubhuza</u>, 166 N.H. 125, 128 (2014). We consider the evidence and all reasonable inferences from it in the light most favorable to the State. <u>See</u> <u>id</u>. The defendant bears the burden on appeal to demonstrate that the evidence at trial was insufficient to establish his guilt.

RSA 265:60, I, provides that "[n]o person shall drive a vehicle on a way at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Sixty-five miles per hour is both the maximum lawful speed and the <u>prima</u> <u>facie</u> speed limit on most divided highways of four lanes or more in New Hampshire, including the eastern New Hampshire turnpike. RSA 265:60, II(e), III; <u>see</u> <u>State v. Downs</u>, 157 N.H. 695, 696 (2008); <u>State v. Condict</u>, 122 N.H. 1133, 1135 (1982). The commissioner of transportation has authority to lower the sixty-five mile-per-hour <u>prima</u> <u>facie</u> speed limit, however, to the extent that the commissioner determines that the <u>prima</u> <u>facie</u> speed limit is greater than what is reasonable or safe at a particular location. RSA 265:62, I (2014); <u>see</u> <u>Downs</u>, 157 N.H. at 696; <u>Condict</u>, 122 N.H. at 1135-36. Any properly positioned, legible speed limit sign is presumptively valid. <u>Downs</u>, 157 N.H. at 697.

In this case, the trooper testified that on December 14, 2014, he was traveling north on Route 16 in Dover when he observed a car driven by the defendant traveling southbound at what appeared to be a high rate of speed. He activated his front cone radar unit, which he was certified to operate and which had been calibrated; it showed that the defendant was traveling eighty-two miles per hour. The area in which the defendant was traveling was a clearly marked fifty-five mile-per-hour speed zone.

The trooper testified that after he passed by the defendant's car, he entered the southbound side of the highway at a nearby "crossover," and pursued the defendant's vehicle, losing sight of the vehicle only briefly as he pulled into the southbound lanes.  He again activated the front cone radar, which showed that the defendant was traveling between seventy-nine and eighty miles per hour.  The trooper then initiated a traffic stop.  When he asked the defendant if he knew why he had pulled him over, the defendant stated that when he saw the trooper's blue lights, he looked down and thought that he was traveling seventy-five miles per hour.  The trooper cited the defendant for traveling eighty miles per hour.

We conclude that the evidence was sufficient to support the trial court's finding that the defendant was speeding.  Indeed, the evidence shows not only that the defendant violated the prima facie speed limit at that location of fifty-five miles per hour, but that he violated the maximum lawful speed of sixty-five miles per hour.  To the extent that the defendant argues that the trial court should have believed his testimony over the trooper's testimony, the trial court "was in the best position to measure the persuasiveness and credibility of evidence and was not compelled to believe even uncontroverted evidence." State v. Dodds, 159 N.H. 239, 247 (2009) (quotation and brackets omitted).

Because we have neither relied upon, nor considered, documents appended to the defendant's brief that he did not submit at trial, the State's request that we disregard or strike those documents is moot.  See Appeal of Silverstein, 163 N.H. 192, 199 n.1 (2012).

Affirmed.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2