# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2017-0250, <u>State of New Hampshire v. Larry L. Lemay</u>, the court on March 8, 2018, issued the following order:

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). Following a trial in Circuit Court (Gardner, J.), the defendant, Larry L. Lemay, was found guilty of speeding. See RSA 265:60 (Supp. 2017). The complaint alleged that he drove on Route 16 in Portsmouth "at a speed greater than was reasonable and prudent under the conditions prevailing," specifically, at a rate of 85 miles per hour where the prima facie speed limit is 55 miles per hour. On appeal, the defendant argues that the trial court erred when it declined to dismiss the speeding charge on the ground that the posted speed limit (55 miles per hour) was unlawfully established. He also argues that the evidence was insufficient to establish that he was traveling at a speed that was neither reasonable nor prudent. We affirm.

By statute, 65 miles per hour is both the maximum lawful speed and the prima facie speed limit on most divided highways of four lanes or more in New Hampshire, including the eastern New Hampshire turnpike. RSA 265:60, II(e), III; see State v. Downs, 157 N.H. 695, 696 (2008); State v. Condict, 122 N.H. 1133, 1135 (1982). However, the commissioner of transportation has authority to lower the 65 mile-per-hour prima facie speed limit to the extent that the commissioner determines, based upon an engineering and traffic investigation, that the prima facie speed limit is greater than what is reasonable or safe at a particular location. Downs, 157 N.H. at 696. In this case, the posted speed limit of 55 miles per hour is inconsistent with the prima facie speed limit of 65 miles per hour set forth in RSA 265:60, II(e). See id.

We assume without deciding that the validity of a posted speed limit is a defense when, as in this case, a defendant has been charged with exceeding the maximum lawful speed. See id. at 697. We also assume without deciding that the posted speed limit was unlawfully established. Nevertheless, we uphold the trial court's guilty finding because, even if the prima facie speed limit had been 65 miles per hour, as provided by statute, the evidence was sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant was traveling at a speed that was neither reasonable nor prudent. See RSA 265:60, I, II(e), III.

When examining the sufficiency of evidence to support the finding of guilty, we objectively review the record to determine whether any rational trier

of fact could have found the elements of the offense beyond a reasonable doubt. See State v. Zubhuza, 166 N.H. 125, 128 (2014). We consider the evidence and all reasonable inferences from it in the light most favorable to the State. See id. The defendant bears the burden on appeal to demonstrate that the evidence at trial was insufficient to establish his guilt.

In this case, the trooper testified that he observed the defendant's vehicle traveling at "a high rate of speed." His laser unit indicated that the defendant's vehicle was traveling at 85 miles per hour. The trooper testified that "[t]he 85 miles an hour that [the defendant was] traveling . . . was unsafe" and was "not a reasonable speed" for the road. The trooper further testified that "doing 85 miles an hour puts [a driver] and other people at risk." The trooper stated that, based upon his 18 years of law enforcement experience, traveling 85 miles per hour on this stretch of Route 16 in Portsmouth was "not reasonable and prudent."

Viewing this evidence and all reasonable inferences in the light most favorable to the State, we conclude that it was sufficient to support the trial court's finding that the defendant was guilty of speeding. The evidence shows that the defendant violated the maximum lawful speed of 65 miles per hour.

To the extent that the defendant raises additional issues in his appellate brief, we conclude that they are not sufficiently developed for our review. See State v. Blackmer, 149 N.H. 48, 49 (2003). "[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." Id. (quotation omitted). Any issue that the defendant raised in his notice of appeal, but did not brief, is deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

2