# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0473, <u>State of New Hampshire v. Crystal L. Eastman</u>, the court on June 18, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Crystal L. Eastman, appeals her conviction, following a bench trial in Circuit Court (<u>Mace</u>, J.), on a charge of disobeying a police officer by refusing, on demand, to produce her driver's license. <u>See</u> RSA 265:4, I(e) (2014). She argues that the trial court erred by: (1) not suppressing evidence obtained as a result of a traffic stop on the basis that the officer lacked reasonable suspicion under the State and Federal Constitutions; (2) finding sufficient evidence to support her conviction; and (3) neither dismissing the case based on the refusal of the Town of Canaan to produce an independent investigation report of the officer's conduct in effectuating her arrest, nor compelling the State to produce the report.

We first address whether the trial court erred by denying the defendant's motion to suppress. We address this issue first under the State Constitution, relying on federal law only to aid in our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983). We accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and review its conclusions of law <u>de</u> <u>novo</u>. <u>State v. Joyce</u>, 159 N.H. 440, 444 (2009).

It is well-settled that a police officer, within the parameters of Part I, Article 19 of the State Constitution, may initiate an investigatory stop if the officer has reasonable suspicion, based on specific, articulable facts taken with all rational inferences from those facts, that the person stopped has been, is, or is about to be, engaged in criminal activity. <u>Id</u>. at 446. The officer's suspicion must have a particularized and objective basis, and the articulable facts must lead to something specific, not simply a sense that this is a bad person who may have committed a crime. <u>State v. Perez</u>, 173 N.H. ___, ___ (decided May 15, 2020) (slip op. at 7). However, reasonable suspicion is a standard that is less demanding than probable cause both in terms of the quantum of information required to satisfy the standard and the reliability of such information, and it may be satisfied by activity that is consistent both with guilty and innocent behavior. <u>Id</u>. (slip op. at 7-8). We consider the articulable facts in light of all of the surrounding circumstances, mindful that a trained

officer may make inferences and draw conclusions from conduct that may seem otherwise unremarkable.  Id. (slip op. at 7).  Upon conducting a lawful investigatory stop, the officer may ask the detainee a moderate number of questions to determine the detainee's identity and obtain information confirming or dispelling the officer's suspicions.  Id. (slip op. at 12).

In this case, a school bus driver, who was in the process of dropping middle-school-aged children off from school, observed a white SUV-style car following her school bus, including up and down several roads on which the bus driver had turned the bus around.  The SUV had been following the bus continuously for five-to-ten minutes when the bus driver reported the issue to her bus company.  The bus driver did not know the identity of the SUV's driver, and at the time she reported the issue, she still had children on the bus, she had approximately fifteen minutes remaining on her route, and she felt uneasy.

The bus company relayed the bus driver's report to the Canaan police department, and an officer responded, receiving updates along the way as to the bus's location as the SUV continued to follow the bus.  Approximately five minutes after receiving the call from the bus company, the officer observed a white SUV following a school bus at the location where the bus company reported that the bus would be, and he initiated a traffic stop of the SUV.  The bus driver continued on her route.  The defendant was the driver of the SUV.

The defendant moved to suppress all evidence obtained as a result of the stop, arguing that, because she had violated no law by following the bus, the officer lacked reasonable suspicion to initiate the stop.  In rejecting this argument, the trial court observed that, at the time that the officer stopped the defendant, all he knew was that a stranger had been following a school bus full of children for some time, causing the bus driver concern, and that the officer could reasonably infer from these facts that the safety of an occupant of the school bus may have been at risk.  Under these circumstances, the trial court ruled that the officer had specific and articulable facts that, together, reasonably warranted the stop.  On appeal, the defendant argues in part that the stop was unjustified because there was no evidence that the defendant had committed, was committing, or was about to commit a crime.  We disagree.

The mere act of following someone in a motor vehicle, for no reason known to the person being followed, may cause the person being followed reasonable fear for her safety or the safety of an occupant of her vehicle, and may itself, under certain circumstances, amount to a crime.  See RSA 633:3-a, I, II(a)(2) (Supp. 2019); State v. Gubitosi, 152 N.H. 673, 681 (2005) (finding sufficient evidence of a "course of conduct" for purposes of stalking based, in part, upon evidence that the defendant had driven his car to a restaurant where the victim was eating, drove through the restaurant's parking lot, and was approximately three car lengths from the victim when the victim saw him); State v. Small, 150 N.H. 457, 464 (2004) (finding that single act of following

2

someone in a car could constitute stalking for purposes of RSA 633:3-a, I(c) (Supp. 2002)). In this case, at the time that the officer stopped the defendant: (1) the defendant had been following a school bus continuously for approximately fifteen minutes; (2) the defendant had followed the bus up and down several roads on which the bus had turned around, making it unlikely that the defendant's presence was coincidental; (3) the bus driver had several children in her care; (4) the bus driver did not know who the defendant was; and (5) the defendant's behavior had unnerved the bus driver.

Under these circumstances, we conclude that the officer had reasonable, articulable suspicion that the defendant was in the process of committing, or was about to commit, a crime so as to justify the stop for purposes of the State Constitution.[1] See Gutierrez v. Texas, 2013 WL 2107183 (Tex. Ct. App. May 13, 2013) (finding sufficient reasonable suspicion "that something of an apparently criminal nature was brewing" to justify traffic stop based on report that the stopped motorist had been continuously following a woman, who did not know the motorist following her and was frightened, for five miles at 3:00 a.m.). Because the Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances, see Perez, 173 N.H. at ___ (slip op. at 6-8); Terry v. Ohio, 392 U.S. 1, 16-30 (1968), we reach the same result under the Federal Constitution.

We next address whether the trial court erred by finding sufficient evidence to support her conviction. To prevail on her challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found her guilty beyond a reasonable doubt. State v. Leith, 172 N.H. 1, 11 (2019). We consider each item of evidence within the context of all of the evidence, and not in isolation. State v. Saintil-Brown, 172 N.H. 110, 117 (2019).

When evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. Id. When the proof involves both direct and circumstantial evidence, however, a sufficiency challenge will fail if the evidence and credibility determinations of the trier of fact are such that a rational trier of fact could have found guilt beyond a reasonable doubt even if the evidence would also support a rational conclusion other than guilt.

---

[1] Because we conclude that the officer had reasonable suspicion to undertake a lawful investigatory stop, we need not address the defendant's arguments that the community care exception did not apply and that there was no public interest that justified the stop, or the State's contention that these arguments are not preserved. Accordingly, the defendant's motion to supplement the record with her motion to suppress and the State's objection, which she filed in response to the State's contention that the record is insufficient to establish that she preserved these arguments, is moot.

Id. at 117-18. Whether the evidence was sufficient to support the defendant's convictions raises a claim of legal error, which we review de novo. Id. at 117.

RSA 265:4, I(e) makes it unlawful for the driver of a vehicle to "[r]efuse, on demand of [a law enforcement] officer, to produce his license to drive such vehicle." RSA 265:4, I(e) (emphasis added). In this case, the officer testified that the defendant refused to produce her license, claiming that she was not required to produce it despite the officer's multiple explanations to the contrary, and that when she eventually retrieved the license and held it up, she took it back when the officer tried to take it from her. The defendant likewise testified, claiming that she has never refused to produce her license when stopped. Nevertheless, she conceded that: (1) the officer asked for her license; (2) when the officer asked for her license, she did not initially produce it, but instead asked him why he needed it since he already knew who she was; (3) the officer told her that they could stay there all day if she did not produce the license; and (4) she then asked whether she was under arrest, to which the officer responded that he would arrest her if she did not produce her license. Consistent with the officer's testimony, the defendant testified that she then held the license up to the window, but disputed that she pulled it away from the officer, testifying instead that she had merely turned toward the interior of her car to retrieve her registration and to record the incident on her phone.

The trial court found that both witnesses credibly testified that the officer demanded the defendant's license and that the defendant "did not hand it to him on demand for examination." Because the defendant herself "clearly testified that she did not follow [the officer's] commands with respect to her license," the trial court concluded that "she is beyond a reasonable doubt guilty of disobeying a police officer according to the plain language of the statute."

On appeal, the defendant characterizes her culpability as turning upon whether she had taken "too long" to produce her license, and argues that this presents a "credibility issue." Because the officer had also asked the defendant for her registration, and because he agreed on cross-examination that she could have been reaching for her registration when she turned toward the interior of the car, the defendant argues that the evidence fails to exclude a reasonable conclusion that she was not refusing to produce her license, but was merely reaching for her registration, and that her conviction is thus unsupported by, and contrary to the weight of, the evidence.

As the trial court correctly reasoned, however, RSA 265:4, I(e) requires a driver to produce her license upon demand of a law enforcement officer; it does not authorize the driver to respond to a law enforcement officer's demand for a license by engaging in a debate concerning whether the officer really needs to see the license. Here, the defendant's own testimony that she responded to the officer's demand for her license by asking why he needed to see it and whether she was under arrest amounted to direct evidence of her refusal to produce the

4

license upon demand.  See State v. Kelley, 159 N.H. 449, 454 (2009) (distinguishing direct from circumstantial evidence).  Accordingly, we agree with the trial court that the witness's own testimony established her guilt, beyond a reasonable doubt, on the charge of disobeying a police officer.

Finally, we address whether the trial court erred by denying the defendant's motion to dismiss based on the failure of the Town of Canaan to produce an independent investigation report concerning her arrest, and by not compelling the production of the report.  The record establishes that, during the course of the defendant's arrest, a struggle ensued that led to an injury to the defendant requiring surgery.  The State charged the defendant with resisting arrest, and the defendant asserted that the officer had used excessive force in her arrest.  As a result of the defendant's allegations, the Town of Canaan engaged a third party to conduct an independent investigation of the arrest, and came into possession of an investigation report.  The report became the subject of multiple discovery motions.

Within the context of resolving the discovery dispute, the trial court directed the prosecutor to review the report and determine whether it contained exculpatory information.  See State v. Laurie, 139 N.H. 325, 327-30 (1995).  However, the town refused to provide the report to the prosecutor, asserting that it was privileged.  The defendant moved to dismiss, arguing that she was entitled to the report pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  The Trial Court (Bamberger, J.) denied the motion, but ruled that the State's privilege claim "can and should be considered by the [trier] of fact as it considers the issues of credibility in this matter."  Following trial, the Trial Court (Mace, J.) acquitted the defendant of resisting arrest, resolving all credibility issues against the officer as a result of the privilege claim.

On appeal, the defendant challenges the trial court's denial of the motion to dismiss and its failure to compel production of the report.  The defendant argues that the relief granted by the trial court – its decision to resolve credibility issues against the State – was "unworkable" because the officer's credibility was an issue not only with respect to the resisting arrest charge, but also with respect to the charge of disobeying a police officer.

We review the trial court's ruling on an alleged discovery violation for an unsustainable exercise of discretion.  See State v. Brooks, 164 N.H. 272, 287 (2012).  To establish that the trial court unsustainably exercised its discretion, the defendant must demonstrate that its decision was clearly unreasonable to the prejudice of her case.  Id.  "In the context of a discovery violation, actual prejudice exists if the defense has been impeded to a significant degree by the nondisclosure."  Id. (quotation omitted).

We have held that the State's duty to disclose exculpatory information does not extend to records that are not within the control of the prosecutor or

the prosecuting police department.  State v. Downs, 157 N.H. 695, 698 (2008); State v. Lavallee, 145 N.H. 424, 427 (2000).  The record in this case demonstrates that the report was in the control of the town, not its police department or the prosecutor.

Moreover, even if the Canaan Police Department or the prosecutor had access to, or control of, the report, we agree with the State that the failure to disclose the report did not affect the verdict.  See Laurie, 139 N.H. at 330.  The trial court acquitted the defendant of resisting arrest, the charge to which the report would have directly pertained, as a result of the discovery sanction that it imposed.  Moreover, as discussed above, the trial court correctly concluded that the defendant's own testimony established her guilt, beyond a reasonable doubt, of disobeying a police officer.  On this record, we cannot say that the trial court unsustainably exercised its discretion by not ordering disclosure of the report or dismissing the case.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**